SARAH KRAMER ET AL. v. B. E. WELLENDORF.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON
PLEAS OF JEFFERSON COUNTY.

Argued October 7, 1889—Decided October 28, 1889.

1. Where a justice of the peace has jurisdiction of the cause of action, conceding the existence of irregularities for which the judgment might and ought to have been reversed, the judgment is nevertheless not void, but merely voidable, and will support an execution for the sale of property thereon.

2. Where bail for an appeal from the judgment of a justice of the peace is entered, but the appeal is not perfected, and the justice refuses to stay an execution issued and to notify the constable thereof, a sale of property on the writ will pass a good title to the purchaser: Tarbox v. Hays, 6 W. 400.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 203 October Term 1889, Sup. Ct.; court below, No. 159 February Term 1884, C. P.

On January 25, 1884, Sarah Kramer and George Kramer, her husband, in right of said Sarah Kramer, brought trover against B. E. Wellendorf and H. Lewis, to recover a boiler, smokestack, engine, etc., of the alleged value of $800. Issue.

At the second trial of the cause on May 14, 1888, the essential facts made to appear were as follows:

On August 21, 1880, George Kramer obtained a judgment by default against Hunter & Crawford for $42, before John T. Bell, a justice of the peace, and the same day an execution was issued thereon for the debt and costs, and a levy made by the constable upon the boiler, engine, etc., the property in dispute, as the property of Hunter & Crawford. On August 25th, the defendants in the judgment entered bail for an appeal, but did not take a transcript. On August 28th, the attorney for the plaintiffs in the judgment appeared before the justice and excepted to the appeal, on the ground that all the costs had not been paid. No notice to stay proceedings was given to the constable having the execution in his hands, and on August 30th,

he sold the property levied upon to Sarah Kramer for $15, and on September 2d made return of the writ accordingly and paid the proceeds of sale to the justice.    On September 2d, Hunter & Crawford had a writ of certiorari issued, and on September 3d, their attorney appeared before the justice, paid the costs, except those on the execution, "for the purpose of perfecting an appeal in this suit." The hearing was subsequently had on the certiorari, and on January 4, 1881, the proceedings before the justice were reversed because of irregularities and errors in the justice's proceedings.

The possession of the boiler, engine, etc., sold by the constable on the execution, was delivered to Mrs. Kramer, at the time of the sale, and on the trial of the present case the plaintiffs adduced testimony to show that in April, 1881, the defendant Wellendorf, alleging that he was acting in the interest of Hunter & Crawford, sold the property in dispute to H. Lewis, and assisted in delivering to Lewis the possession of it, against the protest of Mrs. Kramer and her husband.

At the close of the testimony five points for instruction were presented on behalf of the plaintiff, and twenty-one on behalf of the defendants.

The court, WILSON, P. J., submitted the case to the jury under instructions upon the material questions in controversy in accordance with the answers to the following points:

The plaintiffs' counsel has requested the court to instruct you:

1. That the judgment of George Kramer against William G. Hunter and G. W. Crawford, doing business as Hunter & Crawford, on docket of J. T. Bell, Esq., will support the execution; and it was the duty of the constable to make the sale, and the defendants standing by until after the sale, a good title passed to the plaintiff and the verdict of the jury should be for the plaintiff.

Answer: Affirmed.[1]

Counsel for defendant Wellendorf request the court to charge the jury:

9. That if on August 27, 1880, the said justice, in said case, allowed an appeal, it is to be regarded in all respects as regular, and affording the defendants every right and protection of a regular and effective appeal until stricken off or set aside.

Answer: Refused.[3]

17. That if after the execution was issued by the justice an appeal was taken from the judgment, of which appeal the justice failed to give the constable notice, while the execution in the constable's hands might be a protection to him in going on with it and making the sale, yet such sale would confer no title to the purchaser.

Answer: Refused.[7]

The jury returned a verdict of not guilty as to H. Lewis, and of guilty as to B. H. Wellendorf, assessing the damages at $630. A rule for a new trial having been discharged, the defendant Wellendorf took this appeal, specifying that the court erred, inter alia:

1. In the answer to plaintiffs' point.[1]

3, 7. In the answers to defendants' points.[3] [7]

*Mr. Charles Corbet* (with him *Mr. M. M. Davis* and *Mr. Harry A. Hall*), for the appellant.

Counsel cited: O'Donnell v. Mullin, 27 Pa. 199; Leonard v. Dillon, 76 Pa. 44; Womelsdorf v. Heifner, 104 Pa. 1; Beale v. Dougherty, 3 Binn. 434; Berry v. Baker, 1 Br. 224; Hastings v. Lolough, 7 W. 540; Caldwell v. Walters, 18 Pa. 79; Hecker v. Haak, 88 Pa. 238; Burd v. Dansdale, 2 Binn. 80; Gibbs v. Neely, 7 W. 305; Camp v. Wood, 10 W. 118; Herman on Executions, 255.

*Mr. H. Clay Campbell*, for the appellees.

Counsel cited: Breading v. Boggs, 20 Pa. 33; Yaple v. Titus, 41 Pa. 195; Wilkinson's App., 65 Pa. 189; Hageman v. Salisberry, 74 Pa. 280; Billings v. Russell, 23 Pa. 189; McDonald v. Simcox, 98 Pa. 619; Stewart v. Stocker, 13 S. & R. 199; Cummings v. Forsman, 6 Pa. 194; Tarbox v. Hays, 6 W. 400; Rorer on Judicial Sales, § 132.

OPINION, MR. JUSTICE STERRETT.

When this case was here two years ago, we held that the judgment of the justice on which the execution was issued was not void by reason of alleged irregularities or otherwise; that, at most, it was merely voidable, and hence it was sufficient to

support the execution on which the property in controversy was sold to the beneficial plaintiff, Mrs. Kramer: Kramer v. Wellendorf, 18 P. L. J. 139. There is nothing in the present record to warrant any other conclusion. The justice had jurisdiction of the cause of action; and, conceding, for argument's sake merely, the existence of irregularities and errors for which the judgment might and ought to have been reversed, it was nevertheless not void, but merely voidable.

If the appeal which the defendants attempted to take had been perfected, and notice of that fact had been brought home to the purchaser at constable's sale before the property was sold, a different state of facts would have been presented, but that was not done. The levy having been rightly made, it was the duty of the constable to proceed with the execution of the writ until it was stayed or superseded, neither of which was done. It was not the business of the constable, but that of the justice, to determine, in the first instance, whether the alleged appeal was regularly taken and perfected or not. If it was so taken as to operate as a supersedeas, it was his duty to notify the constable and revoke the execution. If he erroneously or unjustly refused to do so, the defendants' remedy was by certiorari to the execution. No notice was given to the constable by the justice or any one else. The justice refused to stay the execution, and his action was acquiesced in until the sale was effected. Under those circumstances, the effect of the sale was to invest the purchaser with a good title to the property: Tarbox v. Hays, 6 W. 400. In that case it was said: "Even if the proceedings and judgment before the magistrate were irregular and voidable, so that the judgment might have been reversed on error or certiorari, or vacated on motion, it by no means follows that the title to goods previously sold under the execution would be thereby divested. . . . . And there is no difference whether the purchaser be the plaintiff or a third person. They stand in the same situation where, as with us, sales on execution are made by public vendue."

In view of what has been said, it is unnecessary to notice the several assignments of error specifically. There appears to be nothing in the record that requires a reversal of the judgment.

Judgment affirmed.