# Alabama Midland Railway Co. v. McDonald, Admr.

*Action for Damages Against Railroad Company, by Administrator of Deceased Employè.*

1. *Action for damages against railroad company; sufficiency of complaint.*—In an action against a railroad company by the administrator of a deceased brakeman to recover damages for the alleged negligent killing of plaintiff's intestate, a complaint which alleges that the death of plaintiff's intestate was the result of the negligence of defendant's engineer, who was in charge of an engine engaged in switching cars, and who, while so engaged and knowing that couplings had to be made to cars standing on the track, cut loose from the engine the cars attached to it, and which were to be coupled to the cars standing on the track, and pushed them with such force as to prevent plaintiff's intestate from making the coupling and to cause him, while trying to make said coupling in the discharge of his duties, to be run over and killed, states a substantial cause of action under sub-section 5 of section 2590 of the Code, and is not subject to demurrer on the grounds, that it is not shown that the engineer knew of the position of the deceased, that it does not aver negligence of the engineer, or that it shows that plaintiff's intestate was guilty of contributory negligence.

2. *Same; when by administrator for killing a minor, it is not necessary that complaint should allege that intestate was hired without his parent's consent.*—When an action against an employer to recover damages for the alleged negligent killing of an employe, who is alleged to have been a minor, is brought by the father of the decedent, who sues as administrator of his deceased son's estate, it is not necessary that the complaint should allege that the employment of the minor by the defendant was without the plaintiff's consent; since the plaintiff sues in his representative capacity, and not personally for the death of his son.

3. *Failure to rule on demurrer; presumption on appeal.*—Where a party fails to secure a ruling on a demurrer it will be presumed, on appeal, the demurrer was withdrawn or abandoned.

4. *Assignments of error; when waived.*—If on appeal appellant's counsel do not insist upon assignments of error in brief or argument, they will be treated as waived.

5. *Action against railroad company; when evidence as to coupling sticks being used admissible.*—In an action by an administrator against a railroad company for the alleged negligent killing of his intestate, who was a brakeman, while in the discharge of his duties, where the

[Alabama Midland Railway Co. v. McDonald, Admr.]

issues formed by the pleadings raised the question as to whether certain coupling sticks were required to be used and were furnished to brakemen, testimony of witnesses who served defendant about the time plaintiff's intestate was killed, tending to show that they were not furnished or used, is competent evidence and admissible.

6. *Same; violation of company's rule; there must be knowledge on the part of employé to constitute contributory negligence.*—The rule of a railroad company, forbidding brakemen to go between the cars to make couplings and requiring them to use a coupling stick, is not binding on a brakeman unless he has knowledge or notice thereof; and in an action by an administrator against a railroad company to recover damages for the alleged negligent killing of an employé, where the defendant relies upon the violation of such a rule as constituting negligence which contributed to the injury complained of, the proof must show that the plaintiff's intestate had knowledge of such rule, since negligence can not be imputed to the employé for the violation of such rule unless he knew of it.

7. *Same; negligent failure of conductor to make coupling.*—In an action against a railroad company to recover damages for the alleged negligent killing of a brakeman, where it is shown that the plaintiff's intestate was directed by the conductor in charge of the train, whose orders he was bound to obey, to make the "second coupling," in what is known as a "double coupling," while the conductor made the "first coupling," if the conductor negligently failed to make the "first coupling," and the brakeman in attempting to make the "second coupling" exercised due diligence, skill and care, and was killed by reason of the negligent failure of the conductor to make the "first coupling," then the plaintiff would be entitled to recover.

8. *Same; same.*—In such a case where the gravamen of one of the counts of a complaint was that the plaintiff's intestate's death was caused by the conductor negligently failing to make the "first coupling," and the evidence showed that the cars to which the coupling was to be made was pushed back so rapidly that no prudent man would attempt to make the coupling which the conductor said he would make, the failure to make said coupling can not be said to be due to negligence or recklessness on the part of the conductor; but he was reasonably justified in not attempting to make the coupling, and the defendant is entitled to a verdict under such count.

9. *Same; negligence of engineer.*—The engineer of a railroad train is chargeable with such knowledge of the situation of the train crew, as he can, in the exercise of proper observation, obtain; and where an engineer in charge of an engine which was being used for the purpose of coupling cars, propels the cars attached to the engine, which are to be coupled to others standing upon the track, with such force and violence as to endanger a brakeman attempting to make the coupling, he is guilty of negligence, though he may not have known that any brakeman was between the cars.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. JESSE M. CARMICHAEL.

This was an action brought by the appellee, John F. McDonald, as the administrator of the estate of Jesse L. McDonald, deceased, against the Alabama Midland Railway Company, to recover damages for the alleged negligent killing of the plaintiff's intestate. The first count of the amended complaint was as follows : "The plaintiff claims of the defendant the sum of one hundred thousand dollars ($100,000) damages for that whereas heretofore, to-wit, on the 14th day of October, 1891, the plaintiff's son, Jesse L. McDonald, received injuries by reason of the wrongful act or omission or negligence of the defendant, through its servant, an employé Hayden, the engineer in charge of defendant's train of cars, near Newton in Dale county, Alabama, which said injuries caused the death of the said Jesse L. McDonald. The plaintiff avers that his said son was at the time of the injuries complained of in the employment of the defendant, and serving at the time of said injuries in the capacity of brakeman on its freight train. That at or about the depot in Newton in said county, at the time alleged he was then and there ordered by the defendant's conductor in charge of said train to make the second coupling in what is known as a double coupling, and that the conductor on said train was to make the first coupling in said double coupling. One car was standing alone, a few feet further two cars were standing coupled together, and further still was some loose cars being pushed back by the engine which was the engine controlled by said Hayden, and which was the one at the time being used to propel the said freight train to do the switching. The conductor stationed himself at the ends of the said two cars, toward the engine and train and ordered the plaintiff's said son to station himself at the other end of said two cars, and between them and the said one car, and to make the coupling then when said train and two cars should come back against said first car, and in the meantime it was understood that the conductor would make the first coupling. The plaintiff avers that the engineer Hayden, pushed his engine back against a lot of loose cars, without having his engine at the time coupled to the same, or if they were coupled the said engine cut loose from

the same before they reached the first named two cars, when the first coupling was to be made. That said engineer Hayden reversed said engine, contrary to the rules of said defendant, and pushed with force against said cars, just before cutting loose said engine, and left them going on a down grade, without the protection of the engine to hold the cars when they should strike, which it did with such force, as without this protection to the conductor, as to cause him to fail and refuse to make the first coupling. That said negligence of said engineer in cutting loose his engine at the time alleged, knowing that no brakeman was on the train to stop it, and that the said engineer Hayden knew it, or by the exercise of a proper observation, which it was his duty to do under the circumstances, he would have known it, and known that the deceased, McDonald, was between the cars to be coupled for the purpose of making the coupling, which was the business in which the engineer and brakeman were at the time engaged, as well as the deceased, and which caused the death of said Jesse L. McDonald. That the plaintiff's intestate in obedience to the orders of said conductor, who, under the rules of said defendant, he was bound to obey, was already between said cars, or so near thereto that he could not perceive this last named danger of the cars coming back, without being attached to the engine, and having a right at the time to believe that the first coupling would be made, obeyed his instructions, and made the second coupling, as ordered, and that when the cars struck, having nothing to hold them, they passed over his body and he was crushed by the wheels. That this negligence was the cause of his death, wherefore he sues.''

The averments of the fourth count of the complaint are sufficiently stated in the opinion. To the first count of the complaint the defendant demurred upon the following grounds: 1st. It alleges that the said Jesse L. McDonald was a minor, but does not aver that the employment of said minor was without the consent of plaintiff, who was his father. 2d. It is not alleged that at the time the engine was pushed with force against said cars that the engineer knew that deceased was between the cars or near thereto. 3d. It is not averred that the engineer at the time of the alleged injury knew the situation or location of deceased, or where he was

standing. 4th. It is averred in said amended count that the injury was caused by the negligence of the engineer in backing his engine, and also the conductor in failing to make the first coupling. 5th. Said complaint alleges contributory negligence of the said Jesse in being between the cars, or so near thereto that he could not foresee this last named danger of the cars coming back without being attached to the engine, and does not allege any fact from which it was to be inferred that he had a right at the time to believe that the first coupling would be made. 6th. It is nowhere alleged that the engineer was guilty of any negligence or in what respect he was guilty of any negligence. 7th. The averment that the engineer in cutting loose his engine at the time alleged, knowing that no brakeman was on the train to stop it, does not allege negligence, nor is it the allegation of a fact, from which it can be inferred that the engineer knew the situation of the deceased at the time of the alleged acts upon which negligence is based. This demurrer was overruled, and defendant duly excepted. The other pleadings are sufficiently stated in the opinion.

Upon the trial of the cause, as is shown by the bill of exceptions, the plaintiff's evidence tended to show, that at the time of the accident, which resulted in the intestate's death, he was in the employment of the defendant as a brakeman upon one of its freight trains; and that while switching cars at one of the stations along its road, it became necessary to make what is known as a "double coupling;" that the conductor of the freight train directed plaintiff's intestate to make the second coupling, and told him that he, the conductor, would make the first coupling; that upon the engine, with several cars attached, backing in upon the track where the couplings were to be made, the cars were moving so rapidly that the first coupling was not made, and that, as the plaintiff's intestate attempted to go between the cars to make the second coupling, while they were in motion, he was caught in some way and run over by the train, and died in a few minutes.

The defendant's testimony tended to show that the plaintiff's intestate had been in its employment for only one day; that as preparatory to employing the intestate, he was given a book of rules by the defendant company,

which were seen in his possession; that these rules forbade brakemen going between cars to couple them while
in motion, and also forbade brakemen from making
couplings without using coupling sticks; that upon
plaintiff's intestate entering into the employment of the
defendant, the conductor of the train on which he was
a brakeman delivered to him a coupling stick, and told
him of the regulations of the road.  As pertaining to
the accident, the defendant's testimony was in conflict
with that of the plaintiff, and was to the effect that in
switching the cars it was the duty of the plaintiff's intestate to make the coupling, and that the conductor did
not tell him that he, the conductor, would make the first
of the double couplings; and that when the conductor
discovered that the cars were moving so fast that the
first coupling could not be made, he hallooed to the
plaintiff's intestate, as he attempted to make the second
coupling and commanded him not to do so; but in disregard of this command, the plaintiff's intestate did
attempt to make the coupling, which resulted in the
casualty.

Upon the introduction of all the evidence, the court,
at the request of the plaintiff, gave to the jury the following written charges: (1.)  "If the jury believe from
the evidence that the printed rules of the defendant
were unknown to Jesse L. McDonald, then the rules
have nothing to do with this case."  (2.)  "If the jury
believe from the evidence that Jesse L. McDonald was
not acquainted with the printed rules of defendant, and
that he undertook to make the coupling in obedience to
the order of the conductor in charge of the train, and
that he was killed by reason of the negligence of the
conductor in failing to make the first coupling, and
without any contributory negligence on his own part,
then they will find for the plaintiff."  (3.)  "If the jury
find from the evidence that the defendant failed to furnish Jesse L. McDonald with a coupling stick, that he
had no knowledge of the printed rules urging the use
of such a stick, and that he was ordered to make the
coupling by the conductor, and he had no reason to apprehend danger in obeying such order, and that in attempting to make the said first [second (?)] coupling he manifested due diligence, skill and precaution, and was killed
by reason of the reckless negligence, either of the con-

ductor or engineer, then the jury will find for the plaintiff and assess the damages at the present worth of his probable net savings during his reasonable life expectancy." (4.) "The court charges the jury that all the written charges are in harmony with his general charge, and are not varying in form; and that notwithstanding the rules of the company, requiring the coupler of cars to use sticks and obey rules are good and wholesome, yet the jury must believe that the plaintiff's intestate had knowledge of such rules, and was put in possession of the stick, which was á regulation stick, before they can find that the plaintiff's intestate contributed by his negligence to his death." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by it: (1.) "Although the jury may find that the conductor had stated that he would make the first coupling, if he had a reasonable excuse for failing to make the first coupling, and he did not recklessly or negligently fail to do so, the jury will find for the defendant on the fourth count." (2.) "The jury can not find for the plaintiff under the amendment to the first count of the complaint, which charges the engineer with negligence, unless he knew at the time of the alleged injury the location of the deceased, or might have known it by ordinary observation; and they can not infer negligence on the part of the engineer, from the fact he did not see a brakeman on top of one of the cars." (3.) "If the jury believe all the evidence, they must find a verdict in favor of the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $2,500. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

A. A. WILEY, for appellant.—Negligence is not to be presumed from the fact of an occurrence like that involved in the present case. Where the plaintiff asserts negligence, the burden is upon him to show it in the first instance, or at least to show enough to exclude the case from the class of accidental occurrences.—*C., B. & Q. R. R. Co. v. Stumps*, 55 Ill. 367; *Richard v. Rough*, 53 Mich. 212; *Western Railway v. Mutch*, 97 Ala. 194; *Steffen*

[Alabama Midland Railway Co. v. McDonald, Admr.]

*v. C. & N. W. R. R. Co.*, 46 Wis. 259 ; *Schultz v. C. & N. W. R. R. Co.*, 28 Amer. & Eng. R. R. Cases 407 ; *C., C., I. & St. L. R. R. Co. v. Lang*, 38 Amer. & Eng. R. R. Cases 34. The evidence must affirmatively establish circumstances before the inference fairly arises that the accident resulted from the want of some precaution which the defendant ought to have taken taken.—*Hayes v. Mich. Cen. R. R. Co.*, 111 U. S. 228.

A brakeman, though he assumes the ordinary and known risks incident to his duties, is not excusable for encountering a known danger so obvious and imminent that a man of reasonable prudence would not attempt it.—*L. & N. R. R. Co. v. Orr*, 91 Ala. 548. The contention of appellee's counsel is that the conductor Dorman ought to have made the first coupling ; and that failure to do so made the second coupling difficult and hazardous. Manifestly, it was dangerous for McDonald to make the second coupling, and he ought not to have attempted, in the way he did, to make it. He should have learned whether in fact the first coupling had not been made. As an emyloyè he is presumed to be familiar with the work then being done, and he was guilty of contributory negligence, which will bar a recovery, if he undertook to go in between the cars and couple them under circumstances of obvious danger.—*McDade v. R. R. Co.*, 26 Amer. & Eng. R. R. Cas. 325 ; *Aerfetz v. Humphreys*, 145 U. S. 419 ; *L. & N. R. R. Co. v. Orr*, 91 Ala. 548 ; *Whitmore v. B. & M. R. Co.*, 41 Amer. & Eng. R. R. Cas. 331. In Railway Accident Law, p. 376, § 326, the principle is laid down that it is contributory negligence in a servant to couple cars in an unnecessarily dangerous manner. *Lockard v. L. & C. R. R. Co.*, 6 Amer. & Eng. R. R. Cas. 161.

In all cases, the employè is bound to use ordinary care for his own protection. If there are two ways of discharging the service apparent to the employè, one dangerous and the other safe, or less dangerous, he must select the safe or less dangerous way, and he can not recover for an injury sustained, when the danger is imminent, and so obvious that a careful and prudent man would not incur the risk under the same circumstances. *H. A. & B. R. R. Co. v. Walters*, 91 Ala. 435 ; *L. & N. R. R. Co. v. Orr*, 91 Ala. 584 ; *M. & B. R. R. Co. v. Holborn*, 84 Ala. 133.

[Alabama Midland Railway Co. v. McDonald, Admr.]

The plaintiff's intestate was clearly guilty of contributory negligence. He disregarded the rules of the company and rushed in between rapidly moving cars under circumstances of obvious peril. He was warned not to go between the cars to make the second couple. He knew of the danger. He contributed, therefore, directly to his own injury.—*A. G. S. R. R. Co. v. Arnold*, 84 Ala. 159; *A. G. S. R. R. Co. v. Hawk*, 72 Ala. 116; *Cen. R. R. Co. v. Letcher*, 69 Ala. 106; *L. & N. R. R. Co. v. Crawford*, 89 Ala. 246; *C. & W. R. Co. v. Bradford*, 86 Ala. 575; *Cook v. Cen. R. R. Co.*, 67 Ala. 533; *A. G. S. R. R. Co. v. Chapman*, 80 Ala. 620; *M. & C. R. R. v. Copeland*, 61 Ala. 376; *Lilley v. Fletcher*, 81 Ala. 234; *M. & E. R. Co. v. Thompson*, 77 Ala. 458; *Campbell v. Lunsford*, 83 Ala. 513; *Woodward Iron Co. v. Jones*, 80 Ala. 123; *Wilson v. L. & N. R. R. Co.*, 85 Ala. 269; *Cen. R. R. Co. v. Mitchell*, 63 Ga. 173; *Air Line R. R. Co. v. Ray*, 70 Ga. 674.

In disregard of the "reasonable and wholesome rule," plaintiff's intestate went on the track between the cars, under circumstances of obvious danger, and attempted to couple with his hands. He was, therefore, guilty of such contributory negligence as will deprive him of the right to recover in this action.—*Ga. Pac. R. R. Co. v. Propst*, 83 Ala. 527; *E. T., V. & G. R. R. Co. v. Johnson*, 75 Ala. 604; *M. & E. R. Co. v. Kolb*, 73 Ala. 401; *Darracutts v. C. & O. R. R. Co.*, 31 Amer. & Eng. R. R. Cas. 157. For the reasons above given, and under the authorities above cited, it was manifestly improper for the court below to allow the witness Parker to testify that when he worked on the Midland Railway as brakeman nearly a year previous to the time of the accident resulting in McDonald's death, he did not see any coupling sticks; nor did he himself use a stick in making couplings.—*M. & C. R. R. Co. v. Graham*, 94 Ala. 555.

BORDERS & CARMICHAL, R. H. WALKER and T. M. ESPY, *contra*.—The second charge requested by defendant should not have been given because it makes "ordinary observation" the equivalent of the exercise of due diligence. A person might take an ordinary observation of a crew of hands running a train of cars and fail to see some particular one of the crew, when if he had exercised due diligence he could have discovered such

person. This charge is also obnoxious because it invades the province of the jury by telling them they could not infer negligence on the part of the engineer from the fact he did not see a brakeman on top of one of the cars. *West v. Thomas*, 97 Ala. 622; *R. R. Co. v. Arnold*, 84 Ala. 159; *K. C., M. & B. R. R. Co. v. Webb*, 97 Ala. 157; *L. & N. R. R. Co. v. Pearson*, 97 Ala. 211.

McCLELLAN, J.—This action is prosecuted by the administrator of Jesse McDonald, who was a brakeman in the employment of the defendant railway company and was killed in such service, to recover damages for his death. The complaint as amended and as it stood at the trial contained two counts, the first count as amended, and the fourth original count. The defendant interposed a demurrer to the first count as amended. This was overruled by the court, and properly so; the count was not open to any of the specifications of demurrer assigned against it.

The first count sought a recovery on the alleged negligence of the engineer in handling the engine and cars at the time McDonald sustained the fatal injuries, and was intended to present a case under sub-section 5, section 2590 of the Code.

The other count—that numbered 4—was intended to present a case under sub-section 3 of the statute, alleging that the intestate came to his death through the negligence of one Dorman, the conductor of the train on which intestate was a brakeman; that intestate was bound to conform to the orders of said Dorman and did conform thereto, and was killed while so conforming, &c., &c. No demurrer was interposed to this count. It would seem to have been open to objection in that the death of McDonald is ascribed—not to the conductor's negligence in ordering him to make a coupling, but—to the negligence of Dorman while performing the duties of a brakeman in failing to make another coupling, which was necessary to be made before that to which McDonald was assigned could be safely attempted.

Defendant's pleas were: "First: Not guilty. Second: Contributory negligence of plaintiff's intestate. Third: Contributory negligence, in that plaintiff's intestate received his injuries in attempting to couple cars while they were in motion and without a coupling stick,

15

against the rules of the company in force at the time; and that plaintiff's intestate had knowledge of these rules." There was a replication to this third plea, which was adjudged bad by the court on defendant's demurrer. It was then amended so as to read as follows: "Comes the plaintiff, and, for answer to plea No. 3, says: The defendant, although by its rules requiring plaintiff's intestate to make couplings with sticks, did not furnish him with any stick, or other instrument, with which to make the coupling which he undertook to make as mentioned in the complaint, and, further, that he was, by order of the conductor, required to make the coupling while the cars were in motion." Defendant renewed its demurrer to this amended replication, but secured no action of the court upon it. It is to be presumed that this demurrer was withdrawn or abandoned. Plaintiff took issue on the first and second pleas, and defendant took issue on said replication to the third plea.

Several exceptions were reserved by the defendant to the admission of testimony going to show the earning capacity of plaintiff's intestate. We do not understand that these exceptions are insisted on by appellant's counsel. They are obviously without merit.

The testimony of Kemp who served on the Midland road for a few weeks in 1890 or 1891, "to learn the road," that he never saw a coupling stick in his life and never saw them used; and of Parker that about the time McDonald was killed, he, the witness, worked for the defendant as a brakeman on a freight train, that he was not furnished with a coupling stick of any kind, that he did not see any brakeman use any kind of a coupling stick, while he was in the employ of the company, and that he had never seen a coupling stick like that introduced in evidence by the defendant as one of its regulation coupling sticks in any caboose or elsewhere on defendant's right-of-way, tended both to prove plaintiff's replication to the third plea and to rebut certain testimony adduced by the defendant; and was, therefore, properly allowed to go to the jury.

Whether McDonald had knowledge of the defendant's printed rules forbidding brakeman to go between moving cars for the purpose of coupling them and requiring the use of sticks in making couplings, was a matter of infer-

ence to be drawn by the jury—there was no positive evidence on the point. The charges on this issue of knowledge *vel non* correctly stated the law : a man cannot be negligent in respect of an act which is only improper because forbidden by a rule, unless he knows of the rule.

The *gravamen* of the 4th count is, as we have seen, that Dorman caused McDonald's death by negligently failing to make what is called in the case "the first coupling." That is the averment of that count of the complaint and issue was taken upon it. If the evidence sustained it, and it was not shown that McDonald negligently contributed to his own death, the plaintiff was entitled to recover. The charges given for plaintiff all hypothesize this state of case, along with want of knowledge of the rules on McDonald's part, and are free from fault.

The first charge refused to the defendant should have been given. It had relation alone to the fourth count of the complaint, and directed a finding for the defendant under that count if the jury should believe that Dorman's failure to make the first coupling was not due to his negligence or recklessness, but to some other cause which reasonably justified him in not attempting to make the coupling. The charge was not abstract. There was evidence admitted without objection that the train was driven back so rapidly that no prudent man would attempt to couple it to the stationary cars. If such was the fact, no fault or negligence could be imputed to Dorman in this connection, whatever might be said of the engineer, and no recovery could be had under the 4th count, though the jury might find defendant liable under the first count for the negligence of the engineer.

Whatever the engineer knew or might by due diligence have known as to the exact position of McDonald, he certainly did know that the purpose of moving the train at the time was to couple onto, first, two cars which were coupled together, and then another loose car several feet further on ; and if he propelled the train with such force and violence against the two cars as to endanger brakemen attempting to effectuate this purpose, he would be guilty of negligence, though he may not have *known* that any brakeman was between the cars. The second

charge requested by defendant was, therefore, properly refused.

On the issues as made up and on the testimony found in this record, we cannot say the court erred in refusing to give the general charge for the defendant. It would serve no good purpose to discuss the case in this connection, as both the issues and the evidence will probably be different on another trial.

The court erred in refusing the first charge requested by the defendant, and for that error the judgment is reversed. The cause will be remanded.

Reversed and remanded.