146 So. 616

## LIBERTY NAT. LIFE INS. CO. v. TELLIS.
### 6 Div. 303.

Supreme Court of Alabama.

March 9, 1933.

H. H. Grooms and Coleman, Spain, Stewart & Davies, all of Birmingham, for appellant.

Willard Drake, of Birmingham, for appellee.

GARDNER, Justice.

In the policy, bearing date of October 14, 1929, and upon which this suit is based, is a provision limiting liability to a return of

the premiums in event of the death of the insured within one year from its date as a result of heart disease. The insured died June 20, 1930, and the premiums have been duly paid pursuant to the above-noted provision. If the insured died of heart disease, the full measure of liability has been met. The death certificate disclosed the primary cause of his death as "angina pectoris" and "chronic aortitis" as the contributing cause. These statements are to be taken as prima facie true, as against the beneficiary, and, unless contradicted or avoided by competent evidence, they are conclusive. National Life & Accident Ins. Co. v. Puckett, 217 Ala. 110, 115 So. 12; Cotton States Life Ins. Co. v. Crozier, 216 Ala. 537, 113 So. 615; Birmingham Trust & Savings Co. v. Acacia Mutual Life Ass'n, 221 Ala. 561, 130 So. 327.

■ Plaintiff insists that the words "angina pectoris" denote a symptom only, and not a disease of the heart. True, Dr. Berry, the only witness on the question, gives the Latin derivation as meaning "a pain in the chest," angina meaning pain and pectoris the pectoris muscle, or the chest, and true also that the witness on cross-examination stated that angina pectoris may be caused from a number of different matters. But he at once added, "You have got to have heart disease to have angina pectoris." He states emphatically that "angina pectoris is really a name for heart disease. * * * Angina pectoris is based on a disease of the heart. * * * The heart is always involved with angina pectoris." And we find no substantial contradiction in other parts of his testimony, nor elsewhere in the record. The record therefore shows that angina pectoris is a disease of the heart. Indeed, we think this may be said to be the common acceptation of the meaning of the words.

In Funk & Wagnalls' New Standard Dictionary, they are noted as meaning "neuralgia of the heart," and in 2 Corpus Juris, 1346, the text of which is from the case of In re Will of Lee, 46 N. J. Eq. 193, 18 A. 525, 528, angina pectoris is defined as a "disease of the heart, * * * so named from a sense of suffocating contraction or tightening of the chest over the sternum, which causes anguish and fear of sudden death." To like effect we read the medical reference as found in Appleton's Medical Dictionary, p. 48.

■ And this was recognized by the trial court as a correct definition, as evidenced by charge 6 given for the defendant. So considered, therefore, the death certificate disclosed the insured died from a disease of the heart, and, there being no competent evidence by way of contradiction or avoidance, its recitals become conclusive against the beneficiary (authorities supra), and the recovery is of consequence limited as above indicated.

The affirmative charge was due defendant as requested. Let the judgment be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.