146 So. 809

## METROPOLITAN LIFE INS. CO. v. USHER.

### 7 Div. 182.

Supreme Court of Alabama.

March 16, 1933.

O. R. Hood and Roger C. Scuttle, both of Gadsden, for appellant.

KNIGHT, Justice.

The defendant was brought into court to answer the complaint of "Birdie Usher, administratrix of the estate of John Moragne, deceased."

The caption of the complaint is in the following words: "Birdie Usher, Administratrix of the Estate of John Moragne, Deceased, v. Metropolitan Life Insurance Company, a Corporation."

The complaint consists of three counts. The first count in no way pretends to state a cause of action in plaintiff's representative capacity against the ·defendant. In counts 2 and 3, however, the plaintiff "avers that she is the administratrix of the estate of John Moragne, deceased," and then concludes, "hence this suit."

■ As the caption and summons read, it would appear to be a suit in the individual capacity of plaintiff against the defendant, and that the added words "Administratrix of the Estate of John Moragne" are mere words of description, and do not show that she sues in her representative capacity. ˙Hallmark v. Hopper, 119 Ala. 78, 24 So. 563, 72 Am. St. Rep. 900. As the cause must be reversed for other reasons, on remandment, if plaintiff shall see proper to further pursue the litigation, the complaint may be amended to clearly show that it is a suit in her representative capacity against the defendant. Lucas v. Pittman, 94 Ala. 616, 10 So. 603; Vinegar Bend Lumber Co. v. Chicago T. & T. Co., 131 Ala. 411, 30 So. 776; Ex parte Kelen, 223 Ala. 87, 134 So. 856.

■ The complaint is substantially in Code form for a suit on a. policy of life insurance, and is sufficient. Code, § 9531, form 12; Sov. Camp, W. O. W., v. Gunn, 224 Ala. 444, 140 So. 410; Brooklyn Life Ins. Co. v. Bledsoe, 52 Ala. 538.

■ In this case, the plaintiff made out a prima facie case by introducing the policy and proving the death of the assured, and that defendant had notice thereof. Manhattan Life Ins. Co. v. Verneuille, 156 Ala. 592, 47 So. 72; Sov. Camp, W. O. W., v. Adams, 204 Ala. 667, 86 So. 737; Sov. Camp, W. O. W., v. Bass, 207 Ala. 558, 93 So. 537; Sov. Camp, W. O. W., v. Hoomes, 219 Ala. 560, 122 So. 686; Bankers' Credit Life Ins. Co. v. Lee, 224 Ala. 398, 140 So. 609. There was no question in the case about the payment of all premiums due on the policy up to the time of the death of the insured, and that these premiums were paid into court by the defendant.

■ There is no merit in the contention here made by the appellant that the court erred in allowing plaintiff to prove by the witness

Joe Brown, of Gadsden, for appellee.

Birdie Usher (plaintiff) that she had given notice before this suit was brought to the defendant of the death of the insured John Moragne, without offering in evidence the written proof of death which was made and filed with defendant. It appears from the record that the plaintiff had made this proof without objection by defendant, and it was not until after this evidence had been offered and admitted that the defendant questioned the manner in which notice of death was given to the defendant. The language of defendant's objection and exception was: "Defendant also at this point objected to the manner in which the plaintiff had undertaken to prove notice and proof of insured's death, on the ground that the notice and proof of insured's death was in writing, and *which writing had been offered to plaintiff* by the defendant to be introduced in evidence in open court, which objection the court overruled, to which ruling of the court the defendant then and there excepted." Upon like ground the defendant moved to exclude all the evidence with reference to notice and proof of death, and this motion, the court overruled, and defendant duly excepted. If, upon proper objection, it was encumbent upon the plaintiff to make proof of the notice of death by offering in evidence the written proof, the defendant waived its right to make the insistence by allowing the proof to be made as it was, without objection at the time. The objection and motion came too late. Kramer v. Compton, 166 Ala. 222, 52 So. 351; Jarvis v. State, 138 Ala. 37, 34 So. 1025; Liner v. State, 124 Ala. 1, 27 So. 438; Hays v. Lemoine, 156 Ala. 465, 47 So. 97.

The defendant offered to introduce in evidence a prescription for medicine given by Dr. Hanby to the insured on September 1, 1928. This prescription read: "For John Moragne—Date 9—1—28. Basham Mixture, viii ounces. Sig. 2 or 3 times a day in water. E. K. Hanby."

■■ Upon objection being interposed to this testimony, the defendant's attorney stated to the court that he offered the prescription, "first for the purpose of showing its date, which was the date Dr. Hanby's visit in 1928 was made, and second, for the purpose of showing that it was a specific prescription, a specific remedy for nephritis or Bright's disease, and also offered to show by the witness that it was a prescription for Bright's disease in connection with offering said prescription." The court, at first, on objection of plaintiff, refused to allow the introduction of said prescription in evidence, but subsequently allowed it to be introduced for the limited purpose of showing the date of the treatment of assured. The defendant duly reserved an exception to this ruling of the court.

Dr. Hanby had previously testified, and fully so, that the deceased was suffering, at the time he gave him the prescription, with nephritis or Bright's disease, that nephritis is Bright's disease, and that Bright's disease is a disease of the kidneys, and that it was a serious ailment and tended to shorten life. The prescription, at best, was but a confirmatory declaration of the then testimony of this witness, whose testimony then stood unimpeached, and it seems to be universally agreed that testimony of this character is not admissible in such state of the evidence. Craig v. Craig, 5 Rawle (Pa.) 91. As we view it, this was but an attempt to bolster the testimony of the witness. Certain it is, it could not have been offered as tending to show that it brought home to the insured notice or knowledge that he had nephritis or Bright's disease, for the words of the prescription would be meaningless to the ordinary layman.

■■ We do not think the court erred in refusing charge 8, requested in writing by the defendant. This charge, if otherwise unobjectionable, was substantially covered by the court's oral charge, and by one or more of the charges given at the request of the defendant. The refusal of the charge, however, can be justified upon the ground that it does not predicate the finding that the insured had nephritis or Bright's disease upon the evidence in the case.

■ A careful reading of the evidence in the case leaves no room for doubt that, if the case made by the evidence entitled the plaintiff to have it passed upon by the jury, it was only due to the fact that in this state the "scintilla rule" obtains. We think under the evidence, and under our rule, the court's action in refusing the general charge was possibly right, and we will not reverse the case for failure to give the general affirmative charge, with hypothesis, requested by the defendant.

■ This brings us down to a consideration of the question presented by defendant's motion for a new trial, which was denied in the court below. We have, with care, examined the evidence in the case, and we cannot escape the conclusion that the verdict of the jury was opposed to the overwhelming weight of the evidence. If there is, in fact, any evidence in the case to support the verdict, it is meager, and wholly unsatisfying. Our conclusion is that, after allowing all reasonable presumptions in favor of the correctness of the verdict, it is so contrary to the great weight of the evidence as to force the conclusion that it was wrong and unjust. It cannot be allowed to stand. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Sov. Camp, W. O. W., v. Gunn, 224 Ala. 444, 140 So. 410.

In view of the fact that the plaintiff may desire to retry the case, and may be able to offer additional testimony, we feel it best not to discuss the evidence in detail.

The court committed error in overruling defendant's motion for a new trial. For this

error, the judgment of the circuit court will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.