153 So. 755

## COMMONWEALTH LIFE INS. CO. v. HARMON.

### 6 Div. 528.

Supreme Court of Alabama.

March 22, 1934.

Huey, Welch & Stone, of Bessemer, for appellant.

378

Moore & Green, of Bessemer, for appellee.

THOMAS, Justice.

The plaintiff declared on a policy of life insurance and employed the Code form. Section 9531, form 12, Code 1923.

There were the pleas of the general issue; pleas 3 and 4 setting up provisions of the policy alleged to be breached in that the insured was not in sound health on the date of the delivery of said policy, but was affected with a serious disease which was material to and increased the risk of loss, and warranties that were untrue, and pleas 5, 6, and 9 based on representations contained in the policy, as that of sound health, alleged as untrue, material to the risk, made with actual intent to deceive, and that defendant was deceived thereby and induced the issue and delivery of the policy. Plea 7 is based on alleged misrepresentations in the application for insurance as to when last sick, of what disease, and the name and address of the physician who last attended him, withheld the fact that the right leg was amputated on the date indicated by the doctor named because he was suffering from a serious disease, sarcoma, which was material to the risk, and withheld with actual intent to deceive and induce the issue of the policy, and defendant was so induced to issue the policy. In pleas 8 and 9, the alleged misrepresentations were contained in the questions and answers in the application that embraced sarcoma and that he did not have same, alleging that he was so afflicted; that the fact was material to the risk, made with actual intent to deceive, and to induce and did induce the issue of the policy by reason of such deception. The plaintiff joined issue on the pleas.

[] It is established that a provision in a life insurance policy that "no obligation is assumed under" the policy "prior to its date and delivery nor unless on said date of delivery the insured is alive and in sound health" is a reasonable and valid limitation of the

contract. Such clauses have been construed as enforceable as a warranty, or of that effect, if at the time of the issue and delivery of the policy the insured is (1) afflicted with a disease that increased the risk of loss; or (2) there is a misrepresentation made with the actual intent to deceive, and which relates to a material fact, as materially increasing the risk of loss. Such breach of warranty or vitiating misrepresentation will defeat the policy so issued and delivered if the insurer relied on them. Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 146 So. 524; Metropolitan Life Ins. Co. v. Usher, 226 Ala. 314, 146 So. 809; Bankers' Credit Life Ins. Co. v. Ayres, 223 Ala. 407, 137 So. 23; Heralds of Liberty v. Collins, 216 Ala. 1, 110 So. 283; Southern Life & Health Ins. Co. v. Morgan, 216 Ala. 529, 113 So. 540; North Carolina Mut. Life Ins. Co. v. Kerley, 215 Ala. 100, 109 So. 755; Brotherhood of Railway & Steamship Clerks, etc., v. Riggins, 214 Ala. 79, 107 So. 44; Miller v. Metropolitan Life Ins. Co., 214 Ala. 4, 106 So. 335; Empire Life Insurance Co. v. Gee, 171 Ala. 435, 55 So. 166; New York Life Ins. Co. v. McJunkin, 227 Ala. 228, 149 So. 663.

It is further declared that statements contained in a proof of loss, under a policy of life insurance, are to be taken as prima facie true as against the beneficiary, and, unless avoided by competent evidence, are conclusive of the issue on that trial. Liberty Nat. Life Ins. Co. v. Tellis, 226 Ala. 283, 146 So. 616, and authorities collected; National Life & Accident Ins. Co. v. Puckett, 217 Ala. 110, 115 So. 12; Cotton States Life Ins. Co. v. Crozier, 216 Ala. 537, 113 So. 615; New York Life Ins. Co. v. Turner, 210 Ala. 197, 97 So. 687.

The primary question of fact presented is: Was the assured in good health when he made application and the policy was issued and delivered thereon? The physician testified without dispute that the insured had a disease of fibrosarcoma in 1929, had been operated on for that disease or infection before the issue and delivery of the policy, and that the doctors so operating and making the physical examinations were of the opinion that it was a fatal malady of which the assured was not informed and not cured, and that he died of such disease; that is to say, it is without dispute that the physicians who had actual knowledge of the facts were of the opinion, as medical men, and so stated as witnesses, that assured had the fatal disease (of which he died) at the time the policy was issued and delivered. It is further in evidence that the disease in question was incurable, materially affected the risk, and shortened assured's life. The evidence for plaintiff showed that assured, members of his family, and others were of the bona fide belief that the operations had been successful and that he was in good health when the application was made and the policy was delivered.

The questions recur upon the pleas of the defendant: (1) Whether the misrepresentations made to defendant were false; (2) if so, whether they were of material facts that increased the risk that affected, or calculated to affect the conduct of defendant in the issue and delivery of the policy; or (3) whether by reason of the agreement of the parties the policy did not become effective by its delivery. That agreement was: "No obligation is assumed under this policy prior to its date and delivery, nor *unless on said date of delivery the insured is alive and in sound health,* nor if the insured has ever been rejected for insurance by this or any other company, nor if there is already in force in this company any previous policy unless the existence of such previous insurance is noted hereon by an endorsement signed by the Secretary or Assistant Secretary." (Italics supplied.) Such a condition precedent is in fact a warranty. Reliance Life Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307.

The statement in the "agent's inspection report," that the leg was amputated because of injury, was false, and it must be conceded that defendant was not informed in the application signed by the assured, that the cause of the amputation was, as stated by the attending physicians, because of fibrosarcoma, a disease which materially affected the risk. Metropolitan Life Ins. Co. v. Dixon, 226 Ala. 603, 148 So. 121; Brotherhood of Railway & Steamship Clerks, etc., v. Riggins, supra; Reliance Life Ins. Co. v. Sneed, supra.

In Liberty Nat. Life Ins. Co. v. Tellis, 226 Ala. 283, 146 So. 616, it was declared the statements in the death certificate were prima facie true as against the beneficiary, and, unless contradicted or avoided by competent evidence, would be taken as conclusive. Here the beneficiary made no specific answer of the cause of death, but referred the cause to the physician. Miller v. Metropolitan Life Ins. Co., 214 Ala. 4, 106 So. 335; Life Ins. Co. of Virginia v. Newell, 223 Ala. 401, 137 So. 16.

There are tendencies of evidence for plaintiff that after the operations the assured appeared to be in sound health, and such was his appearance at the time of the application and

delivery of the policy, that he had assurances of the success of his operations, and that he continuously pursued his occupation requiring hard labor, which were properly before the jury on the questions of fact made by the defendant's pleas. Sovereign Camp, W. O. W., v. Brock, 226 Ala. 579, 148 So. 129.

■■ The general rules stated by the decisions of this court as to the effect of expert testimony are: "The judgments of experts or the inferences of skilled witnesses, even when unanimous and uncontroverted (Sellers v. Knight, 185 Ala. 96, 64 So. 329), are not necessarily conclusive on the jury (Curjel v. Hallett Mfg. Co. [198 Ala. 609], 73 So. 938; Tyson v. Thompson, 195 Ala. 230, 70 So. 649; Robinson v. Crotwell, 175 Ala. 194, 57 So. 23; Andrews v. Frierson, 144 Ala. 470, 39 So. 512; Blalack v. Blacksher, 11 Ala. App. 545, 66 So. 863; Cleveland v. Wheeler, 8 Ala. App. 645, 62 So. 309), but may be disregarded by it or by the court trying an issue of fact (Citizens' Light, etc., Co. v. Illinois Central Trust Co. [200 Ala. 18], 75 So. 330), unless the subject is one for experts or skilled witnesses alone, and the jury cannot properly be assumed to have, or be able to form, correct opinions of their own, under which circumstances the unanimous evidence of properly qualified witnesses has been regarded by some courts as conclusive (Harris v. Nashville, etc., R. Co., 153 Ala. 139, 44 So. 962, 14 L. R. A. (N. S.) 261). Conversely expert testimony can never be regarded as legally necessary to sustain a jury's inference from proved basic facts." 22 Corpus Juris, pp. 729, 730, 731, § 823.

The rule as to the conclusiveness of evidence by the opinion of an expert was recently stated in Atlantic Coast Line R. Co. v. Jackson, 225 Ala. 652, 655, 144 So. 813, 815, as follows:

"With respect to refused charge A, we note that it makes the opinion of the expert conclusive on the jury—in reliance upon the statement in the third headnote in Harris v. Nashville, C. & S. L. R. Co., 153 Ala. 139, 44 So. 962, 14 L. R. A. (N. S.) 261. The opinion does not justify that headnote. It does not affirm that such evidence is conclusive on the jury, but, as explained on page 156 of 153 Ala., 44 So. 968, and in the case of Lawson v. Mobile Electric Co., 204 Ala. 318, 323, 85 So. 257, it holds that when such evidence is not contradicted, it justifies the general charge based upon the hypothesis that the jury believes the evidence. But neither in that case nor any other that we know of has this court held that such testimony is conclusive on the jury. It is only so, if they believe it to be true. On the other hand, we have a well-established rule that such evidence is not conclusive on the jury, and they are not bound by it. Robinson v. Crotwell, 175 Ala. 194, 57 So. 23; Batterton v. City of Birmingham, 218 Ala. 489, 119 So. 13.

"To say that the testimony of any witness is conclusive upon the jury clearly invades its province to pass upon the credibility of the witness."

The decision in Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 146 So. 524, was to a like effect. See, also, Mutual Life Ins. Co. v. Mankin, 223 Ala. 679, 138 So. 265; Sovereign Camp, W. O. W., v. Brock, 226 Ala. 579, 148 So. 129.

■■ It should be further observed that there is a difference between binding the jury by the fact of an opinion given by an expert and a fact found to be a fact and so declared by an expert; that is, it is a recognized distinction to be observed between the *expression of an opinion* by an expert as such as to a given cause, effect, or result, and that of the testimony by an expert as to the existence or nonexistence of a given fact to be tested, ascertained, and proved *solely by scientific processes, methods, and knowledge* (and there is no reason for the exercise of common knowledge as against the undisputed testimony of an expert, Harris v. Nashville C. & St. Louis R. Co., 153 Ala. 139, 143, 44 So. 962, 14 L. R. A. (N. S.) 261), and so declared by the witness as an established scientific fact, and as such to exist or not to exist. And, if the fact is that of which there is no room for the exercise of common knowledge and experience to ascertain and observe, the uncontroverted scientific ascertainment will be taken as the fact, so established and declared by the expert and scientist to exist or not to exist. And, when so considered, and not being controverted, will be taken by the triers of the fact *as true, if and when such witness is found by the jury to be worthy of belief.* This is the reaching by the jury of a given conclusion, from a due consideration of the whole evidence, including the opinions and facts obtained by experts and "substantive facts deposed to by witnesses, whether experts or non-experts." It is not a surrender of the right and duty of the jury in drawing the "conclusion which is *their opinion upon the whole evidence,*" notwithstanding "the *opinions* of the experts do not coincide" with that of the jury, "but lead to a different result." The jury are not permitted to substitute for their own views *of*

*what is established* by the whole evidence—substantive and opinion, expert and nonexpert—the opinion of expert witnesses. The matter is concluded by Mr. Chief Justice McClellan, as follows: " * * * To thus surrender their (the jury) own conclusions, and substitute instead the conclusions of witnesses as to what was proved by the evidence, would be to make such witnesses, and not the jury at all, the triers of the cause." So much is said of the weight and value of expert testimony. Alabama Great Southern R. Co. v. Hill, 93 Ala. 514, 523, 9 So. 722, 725, 30 Am. St. Rep. 65; Fidelity & Deposit Co. of Maryland v. Torian, 221 Ala. 131, 127 So. 829; Atlantic Coast Line R. Co. v. Jackson, 225 Ala. 652, 144 So. 813; Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 146 So. 524.

■ The rule for the giving or refusing of general affirmative instructions requested in writing, is well understood. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; Commonwealth Life Ins. Co. v. Barr, 218 Ala. 505, 119 So. 11; Sovereign Camp, Woodmen of the World, v. Hackworth, 200 Ala. 87, 75 So. 463; Duke v. Gaines, 224 Ala. 519, 140 So. 600. Here the evidence of the expert testimony is to the effect that the assured was affected with the fatal malady of which he died before the policy was delivered, and that he was treated therefor before the application, issue, and delivery of the policy. The testimony of apparent good health and discharge of his daily duties on the farm, considered with such expert testimony, affords a reasonable inference of fact within the scintilla rule and for the consideration of the jury. Metropolitan Life Ins. Co. v. Usher, 226 Ala. 314, 146 So. 809. There was no error in refusing affirmative instruction requested by defendant.

■ Considering the motion for a new trial, the observation made in Metropolitan Life Ins. Co. v. Usher, supra, obtains here, that, allowing all reasonable presumptions in favor of the correctness of the verdict, it was contrary to the great weight of the evidence as to induce the conclusion that it was wrong and unjust. Cobb v. Malone & Collins, 92 Ala. 630; 9 So. 738; Sovereign Camp, W. O. W. v. Gunn, 224 Ala. 444, 140 So. 410. The rule of granting such motion is stated in Hopkins v. Harrison, as Adm'r (Ala. Sup.) . 153 So. 255;[1] Hall v. Clark, 225 Ala. 87, 142 So. 65; Birmingham Clay Products Co. v. White, 226 Ala. 89, 145 So. 668; Robinson v. Solomon Bros. Co., 225 Ala. 389, 143 So.

566; Swinney v. State, 225 Ala. 273, 142 So. 562; Ex parte State ex rel. Grace, 224 Ala. 273, 139 So. 288.

The judgment of the circuit court in overruling the motion for a new trial is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and KNIGHT, J., concur.

BROWN, J., concurs in the conclusion, being of the opinion the affirmative charge should have been given for the defendant.

