173 So. 269

**BOOKER T. WASHINGTON BURIAL INS. CO. v. WILLIAMS.**

**6 Div. 52.**

Court of Appeals of Alabama.

March 16, 1937.

G. P. Benton, of Fairfield, for appellant.

Wm. B. McCollough and Hal W. Howard, both of Birmingham, for appellee.

SAMFORD, Judge.

There are eight assignments of error, as noted in the transcript, but accord-

ing to the brief of appellant's counsel there are but two questions presented for review; the others not having been argued are waived. Ala. Midland Railway Co. v. McDonald, Admr., 112 Ala. 216, 20 So. 472.

It is first contended that the certificate of Dr. W. R. Ward, filed with the defendant at the time of proof of death, is conclusive evidence that the insured had a disease known as "pulmonary tuberculosis," at the time of the delivery of the policy. The policy in this case was issued by the defendant company on the 14th day of October, 1935, and provides: "In consideration of the payment of the weekly premium stated in the schedule below on or before each Monday in every week until the death of the insured, the Booker T. Washington Burial Insurance Company, Incorporated (hereinafter called the Company), agrees upon the receipt of satisfactory proof of the death of the insured and the surrender of this policy and premium receipt book or other evidence of the payment of premiums to pay the mortician named in the register on the back page hereof for furnishing a funeral and services for the insured, as provided herein to the retail value of the amount stated in the schedule below." (Which schedule in this case provides for a funeral of $125.).

Section 12 of the policy provides: "This policy shall be void if, before the date hereof, the insured has suffered Pulmonary Tuberculosis. * * *" (Other diseases mentioned not necessary here to set out.)

The insured died on October 27, 1935, of which the defendant had due notice, and declined to furnish the $125 funeral on the ground that the policy was void; having been delivered at a time when the insured was suffering from pulmonary tuberculosis; this being the sole ground of objection, based upon the certificate of W. R. Ward, M. D., in which he states that his first visit to the insured was on October 24, 1935, that his last visit was on October 27, 1935, and that insured died on the last-named date of pulmonary tuberculosis, (duration) six months.

Pulmonary tuberculosis is a disease of which the courts take judicial knowledge as material to the risk of insurance. Brotherhood of Railway & S. S. Clerks v. Riggins, 214 Ala. 79, 107 So. 44; Independent Life Ins. Co. v. Seale, 219 Ala. 197, 121 So. 714. A clause in a life insurance policy, to the effect that no obligation is assumed by the insurer unless on the date of the delivery of the policy the insured is alive and in sound health, is in legal effect a warranty within the terms of section 8364 of the Code of 1923.

While it is the law that statements contained in a proof of loss, under a policy of life insurance, are to be taken as prima facie true as against the beneficiary, we cannot agree with the contention of appellant's counsel that the statement of the physician attending at the time of death can be taken as conclusive proof of the facts therein stated. Appellant's counsel argues very strongly on this point, but furnishes no authority. On the contrary, it was declared in Liberty Nat'l Life Ins. Co. v. Tellis, 226 Ala. 283, 146 So. 616; that the statements in the death certificate were prima facie true as against the beneficiary, and unless contradicted or avoided by competent evidence would be taken as conclusive evidence. Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377, 153 So. 755.

There was evidence in the instant case, furnished by the beneficiary and by witnesses who claim to have been familiar with the insured, that at the time of the delivery of the policy insured was in good health. These statements were relevant as evidence tending to prove that the defendant did not have tuberculosis at the time of the delivery of the policy. National Order of Mosaic Templars of America v. Lile, 200 Ala. 508, 76 So. 450.

It has been the settled rule in this jurisdiction that opinion evidence of the character involved in this suit is not binding and conclusive on the jury so as to require an acceptance thereof as a matter of law. L. & N. R. R. v. Jacobson, 218 Ala. 384, 118 So. 565; Central of Ga. R. R. Co. v. Clements, 2 Ala.App. 520, 57 So. 52.

With this evidence as to the state of health of the insured, it becomes a question for the jury. Therefore, the general affirmative charge requested by the defendant was properly refused.

Following the obligation in the policy on the part of the company to furnish a funeral for the insured in case of his death, there is incorporated in the policy and as a part thereof the following: "Face Value of the Policy. Forty per centum of the rental [retail] value of the funeral and services furnished under the terms of this policy shall be known as the face value

of this policy. The reserve on this policy is to be calculated on the face value, using the American Experience Table of Mortality, with 4% interest. The Company may at its option change the mortician named herein. If the substituted mortician selected by the Company is not satisfactory to the insured, *the insured may elect in lieu of the funeral and service to have the Face Value of the policy made payable in cash.* Such election, if made, shall be endorsed on this policy by the Company. The Company reserves the right to terminate any contract between the Company and any mortician in respect of the funeral specified in this policy, and in lieu of any benefits herein provides to make the Face Value of the policy payable in cash. One-fourth only of the Face Value is payable in cash if death occurs within six calendar months from date of policy; one-half if death occurs after six months from date of the policy. The full amount of the Face Value of the policy will be payable in cash if death occurs after one year from date of policy."

It is insisted by the appellant that this clause in the policy limits the liability of the company in this suit to one-fourth of $125. Counsel argues in brief that this is a proper construction of the whole contract, but furnishes no authority to sustain this contention. Appellee's counsel, on the contrary, argues that where the insurance policy provides for a funeral of a retail value of $125, the insurance company cannot after a funeral is demanded elect in lieu of the funeral and service to pay a smaller amount in cash. And as to this, appellee's counsel furnishes no direct authority. Relying upon the general rule, announced in many of our cases, that a contract of insurance provided by the insurance company will be construed liberally in favor of the insured and strictly as against the company. Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 98 So. 909. And further that where the terms of an insurance policy will bear two interpretations, that one will be adopted which sustains the claim for indemnity. Gilliland v. Order of Railway Conductors of America, 216 Ala. 13, 112 So. 225.

We have found no direct authority upon this point, but, based on reason and common justice, we are of the opinion that the above-quoted clause in the policy has no bearing on this case under the evidence adduced. The election provided for, so far as the receipt of cash is concerned, rests with the insured (or his beneficiary), and it is further provided that such an election, if made, shall be endorsed on the policy by the company. In the instant case no such election was made, or entered or attempted until the trial of this case. On the other hand, the evidence for the plaintiff is to the effect that a demand was made on the company for the $125 funeral, and was declined by the company, not on account of the "face value of the policy" clause, but liability was denied solely on account of the warranty as to health at the time of the delivery of the policy. It seems to us that the court properly ruled that the above clause in the policy could not, under the facts in this case, limit the liability of the company.

We find no error in the record, and the judgment is affirmed.

Affirmed.