169 So. 225

**ÆTNA LIFE INS. CO. v. NORFLEET.**

6 Div. 942.

Supreme Court of Alabama.

June 25, 1936.

Taylor & Higgins, of Birmingham, for appellee.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

ANDERSON, Chief Justice.

While there was a conflict in the evidence between the defendant's agent,

Vaughn, and the plaintiff's witness, Mrs. Heck, as to what was said between the insured and said agent when the application was taken, and a good part of the appellee's brief is devoted to this phase of the case, the appellant does not rest its appeal on or insist upon the defense of a false statement by the insured in the procurement of the policy.

Quoting from appellant's brief: "We, therefore, stand or fall in this court upon the defense that the insured breached that stipulation in the policy that the policy would not take effect unless the insured was in good health upon the date of the payment of the first premium, in that Norfleet was afflicted with a disease, which this court will say, as a matter of law, materially increased the risk of loss on said date."

We have heretofore held that such a provision is enforceable as a warranty, and, if the breach related to such a condition of health as increased the risk of loss, it is fatal to recovery. Bankers' Credit Life Ins. Co. v. Ayres, 223 Ala. 407, 137 So. 23; Life Ins. Co. of Virginia v. Newell, 223 Ala. 401, 137 So. 16; Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377, 153 So. 755, and cases there cited. So the question is: Was the insured, at the time of the initial payment and delivery of the policy, suffering from a disease which increased the risk of loss? If he was, the warranty was breached whether he knew of the character or nature of the disease or not.

The evidence shows that shortly before this policy was issued, the insured was operated on in a hospital and had a testicle removed because of sarcoma (cancer); that on August 7, 1933, after the operation, the insured was examined by Dr. Meadows, who found that the sarcoma of the testicle had metastasized to the lung. After the operation in August, the insured returned to his work at the filling station, and while so engaged, and apparently in good health, he applied for the insurance September the 16th following, the policy being issued September the 23d and the premium was paid September the 26th. The insured died the following June. The proof also shows that death resulted from the sarcoma with which Norfleet, the insured, was afflicted at the time of the operation. The medical men also testified that such a sarcoma as the insured had was a very serious disease

which would materially shorten a man's life and is incapable of cure. But, apart from this, we have heretofore held that cancer materially shortens a man's life. Miller v. Metropolitan Life Ins. Co., 214 Ala. 4, 106 So. 335.

We are therefore constrained to hold that insured, Norfleet, was suffering with a disease which materially increased the risk of loss when the policy was issued and when the initial premium was paid, and the defendant was entitled to the general charge with hypothesis and which the trial court erred in refusing.

True, opinion evidence is not conclusive on the court and jury, but when, as here, the opinion of an expert is based upon facts such as tests and personal examinations, as here, and when said evidence is uncontradicted, the defendant would be entitled to the general charge with the hypothesis. We think this case falls within the influence of Harris v. Nashville C. & St. Louis, R. Co., 153 Ala. 139, 44 So. 962, 14 L.R.A. (N.S.) 261, and Lawson v. Mobile Electric Co., 204 Ala. 318, 85 So. 257, as explained in the case of National Life & Accident Ins. Co. v. Spigener, 225 Ala. 655, 144 So. 813, and Alabama Power Co. v. Sides, 229 Ala. 84, 155 So. 686.

In the case of Commonwealth Life Ins. Co. v. Harmon, supra, the opinion recognizes and quotes the rule as promulgated in the Spigener Case, supra. And, upon second appeal, Commonwealth Life Ins. Co. v. Katie Harmon Brandon, 167 So. 723,[1] we granted a new trial, but held the defendant was not entitled to the general charge upon the idea that there was a conflict in the opinion evidence as to the nature and character of the disease. Here, we have no conflict in the evidence as to the nature and character of the disease suffered by the insured and resulting in his death, and from which he was suffering when the policy was issued.

Whether notice to the soliciting agent as to the physical condition of Norfleet, when the policy was issued, could be visited upon the defendant as a waiver, is a question we need not decide, for the reason that the record fails to disclose such notice. For, conceding the correctness of Mrs. Heck's version of what occurred between the insured and the agent, Vaughn, it was not sufficient to charge said agent with notice that Norfleet was suffering

---

[1] Ante, p. 265.

with a disease which materially increased the risk of loss. While she said, "he told him that he had been in a hospital for five days," she also stated, "He said that * * * he had been in the hospital for an operation and was there for five days and came home, * * * and he told him he went to work." "He said as far as he knew he was in good health."

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

