176 So. 452

### POLLARD v. TREADWELL.

### 7 Div. 462.

Supreme Court of Alabama.

Oct. 14, 1937.

W. H. Sadler, Jr., of Birmingham, for appellant.

L. H. Ellis, of Columbiana, for appellee.

THOMAS, Justice.

The respective counsel agree as to the effect of the pleading and the substantial effect of the evidence.

The sufficiency of the counts are not challenged by the appellant. Central of Georgia Ry. Co. v. Wilson, 215 Ala. 612, 111 So. 901.

The property destroyed by fire was a metal covered barn, one end of which was open and with cracks and exposures in its side walls. The barn was filled with hay at the time it was destroyed by fire.

The fact that the engine passed plaintiff's barn, emitting smoke and cinders of large and unusual size and number, and that a short time thereafter the structure was in full blaze, is not contradicted.

Plaintiff's witness Fleming testified that the train passed him several hundred yards northwest of the barn and that he observed sparks of unusual size and number being emitted from the engine; that within thirty minutes after the train passed the barn was on fire and the roof was falling in.

Another of plaintiff's witnesses testified that a strong wind was blowing at the time defendant's locomotive passed the barn in question and that smoke and sparks emitted by the engine drifted toward the barn. No

evidence was given to the effect that any other person was about the barn at the time in question or directly before the fire started.

The witness Thompson testified that the train passed him on the night in question at a point about opposite the barn while he was proceeding along a road which was to the north or east of the track and that he noticed sparks of unusual size and number being emitted from the smokestack of the engine; that the smoke and sparks were "drifting back" toward the barn; and that the sparks were rising some 3 or 4 feet above the smokestack. On cross-examination the witness Thompson did not change the effect of his testimony as to the sparks and cinders, the direction in which the wind was blowing carrying cinders a good distance from the train (about 75 or 100 yards), and that as he proceeded along the track for about 2 miles, upon looking back toward the barn, he saw it in full blaze.

For the purpose of testing the refusal of defendant's requested general affirmative charge with hypothesis, this phase of the evidence will be set out below.

The witness Thomas testified that the train passed him at a point which was a quarter of a mile southwest of the barn and that he saw sparks coming from the engine which were unusual in quantity and size; that he saw some of them fall on the ground and some even a distance of 225 feet away from the track; that he did not see anything on fire along the right of way of that place or beyond.

Plaintiff's witness Cecil Bell testified that he passed the train at a point which was about the same place that the train passed other witnesses; that he saw no sparks coming from the engine, though at that time there was an exhaust from the engine, as it proceeded up the hill.

A number of defendant's witnesses testified to the effect that there was little or no wind blowing; that there may have been a light wind blowing from the direction of the barn toward the railroad track; that the flames from the burning barn went for the most part straight up, but by reason of the force of the wind leaned somewhat toward the railroad track, and the smoke from the fire drifted toward the railroad track.

Defendant's witness Bill Masters testified that he was in the company of plaintiff's witness Fleming at the time Fleming said he saw some sparks coming from the engine and that he (Masters) did not see any sparks coming from the engine at that time or at any time.

Thus, in pertinent respects, the tendencies of the evidence were in material conflict.

The assignments of error challenge the action of the trial court in refusing the general affirmative instruction requested by the defendant. The rules that obtain as to giving of such instruction are well understood, and need not be repeated at this time. McMillan v. Aiken et al., 205 Ala. 35, 40, 88 So. 135.

█ It has long been the established rule in this jurisdiction that, when property damage is caused by sparks emitted from a railroad locomotive or steam engine, proof that sparks of large and unusual size and quantity were being emitted by such engine at the time and place, causing such property damage, authorizes the presumption that the engine in question was (1) improperly operated at such time or (2) improperly constructed or maintained. Louisville & N. R. R. Co. v. Marbury Lumber Co., 125 Ala. 237, 28 So. 438, 50 L.R.A. 620. That is, a question of fact for the decision of the jury is thus presented, as we will indicate. Atlantic Coast Line R. Co. v. Jackson, 225 Ala. 652, 144 So. 813; Langley Bus Co. v. Messer, 222 Ala. 533, 133 So. 287; Payne, Director General of Railroads, v. Hargrove, 206 Ala. 69, 89 So. 166; Alabama G. S. R. R. Co. v. Davenport & Company, 195 Ala. 368, 70 So. 674; 95 A.L.R. 880; 103 A.L.R. 129.

In support of appellant's insistence that the affirmative charge against a recovery on count 2 of the complaint should have been given by the court, the case of Tinney v. Central of Georgia Ry. Co., 129 Ala. 523, 30 So. 623, is cited. The averments in the complaint on which the Tinney Case, supra, was tried charged negligence as to operation only; and it is further noted that the defendant offered no evidence, the case being rested upon the testimony presented by the plaintiff. In the Tinney Case, supra, the holding was as follows: "There is no averment in the complaint of any defect in the locomotive, or want of proper appliances on the locomotive to prevent the escape of sparks in dangerous quantities or of dangerous size, the plaintiff is not entitled to recover upon the bare proof that the fire which destroyed

618

his property was caused by sparks emitted from a passing engine, and the giving of the general affirmative charge for the defendant upon such proof alone is free from error."

In the instant case the defendant did not rest on the case made by plaintiff, but offered evidence to the effect that the engine was inspected a short time theretofore and the engine was found to be properly constructed, had a proper smoke screen, and was not out of repair. The jury was authorized to believe this phase of the evidence if it saw fit; and yet, upon the whole evidence, may have disbelieved the testimony tending to show proper operation of the engine at the time and place as charged in the appropriate count of the complaint.

In Central of Georgia Ry. Co. v. Wilson, 215 Ala. 612, 617, 111 So. 901, 906, the court said: "The burden was upon the plaintiff to prove that the fire was communicated to his property by sparks emitted from the engine, and under the general averment of negligence the prima facie presumption arose and was sustained by proof of negligence of construction, equipment, or operation. In Tinney's Case, we have indicated that the complaint alleged negligent operation only (such was the count in Payne v. Hargrove, 206 Ala. 69, 89 So. 166). Where the presumption arising from the ordinary prima facie case could be referable to equipment or construction, as well as negligent operation, it followed that under the instant counts, which allege general negligence, the prima facie case is made out, and the presumption arose, and the affirmative charges requested, properly refused."

█ The earlier decisions of this court as to whether a prima facie case or presumption is rebutted are to the effect that the question is one for the court or the jury, dependent upon the evidence in each case. Where there is no evidence, direct or inferential, of actual negligence, then, if proper evidence of due care in all respects is presented by the defendant, the case will be one for the court in the sense that a mere presumption will not be given the effect of evidence, so that a conflict of evidence for the jury is presented. Such is the holding in Louisville & N. R. R. Co. v. Marbury Lumber Co., 125 Ala. 237, 28 So. 438, 50 L.R.A. 620; Louisville & N. R. R. Co. v. Reese, 85 Ala. 497, 502,

5 So. 283, 7 Am.St.Rep. 66; City of Mobile v. McClure, 221 Ala. 51, 127 So. 832; Langley Bus Co. v. Messer, 222 Ala. 533, 133 So. 287; Alabama Power Co. v. Sides, 229 Ala. 84, 155 So. 686; Ætna Life Ins. Co. v. Norfleet, 232 Ala. 599, 169 So. 225.

In a later case (Mutual Life Ins. Co. of New York v. Maddox, 221 Ala. 292, 128 So. 383) involving the presumption against suicide in an action on an insurance policy, this court held that the presumptions are in the nature of evidence, as settled by earlier decisions; and that it was not error for the trial court to refuse a requested instruction that such presumption is not evidence and cannot be treated as evidence by the jury.

So much for admitted presumptions touching a general affirmative charge with hypothesis. Harris v. Nashville, C. & St. Louis R. R. Co., 153 Ala. 139, 44 So. 962, 14 L.R.A.(N.S.) 261; Atlantic Coast Line R. Co. v. Jackson, 225 Ala. 652, 144 So. 813; Alabama Power Co. v. Bryant, 226 Ala. 251, 146 So. 602; Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377, 380, 153 So. 755; Metropolitan Life Ins. Co. v. Halsey, 230 Ala. 193, 160 So. 248; Commonwealth Life Ins. Co. v. Brandon, 232 Ala. 265, 167 So. 723, and Metropolitan Life Ins. Co. v. James, 228 Ala. 383, 153 So. 759.

The defendant's evidence consisted of testimony from its trainmen, among other witnesses, who testified as experts touching the construction and maintenance of the engine equipment, and as to due care in its operation at the time and place in question. The effect of their conclusions, as experts, as affecting the right of the jury to find the facts from the whole evidence, has been noted in the recent cases cited above.

█ The holding of the later decisions were recently stated in Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377, 153 So. 755, as follows:

"Experts' judgments or skilled witnesses' inferences are not conclusive on jury, though unanimous and uncontroverted, but may be disregarded by it, unless subject is for experts only and jury cannot be assumed to have, or be able to form, correct opinions concerning it." (Syl. 5).

"Expert testimony is never legally necessary to sustain jury's inference from proved basic facts." (Syl. 6.)

Again in Metropolitan Life Ins. Co. v. Halsey, 230 Ala. 193, 160 So. 248, 249, the rule is stated, as follows: "The weight and credibility of expert testimony, and when affirmative instruction requested should be given or refused, were the subjects of the recent decisions by this court—testimony, when given by an expert, being held undisputed, directly or indirectly, and based upon scientific processes, methods, and knowledge when there is no reason for the exercise of common knowledge against it—and the affirmative charge on the question involved, with hypothesis on belief of evidence, held should be given on due request. McMullen et al. v. Daniel, [229 Ala. 194] 155 So. 687; Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377, 153 So. 755, and authorities; Harris v. Nashville, C. & St. Louis R. Co., 153 Ala. 139, 143, 44 So. 962, 14 L.R.A.(N.S.) 261."

The last case to which we have had reference, touching the question, was Ætna Life Ins. Co. v. Norfleet, 232 Ala. 599, 169 So. 225, 226, in which the matter is concluded as follows: "True, opinion evidence is not conclusive on the court and jury, but when, as here, the opinion of an expert is based upon facts such as tests and personal examinations, as here, and when said evidence is uncontradicted, the defendant would be entitled to the general charge with the hypothesis."

Thus, the rule as stated in the several cases quoted above has application to the instant case and respective phases of this evidence, as we will now indicate.

■ The complaint in several counts declared for damages, which were alleged to be the result of the negligence in equipment and maintenance of the engine, as well as in its negligent operation. The evidence for the plaintiff, showing emission of and expulsion of sparks and cinders in large and unusual quantities before and at the time and place of the destruction of the building by fire, without anything more, made a prima facie case for the negligence charged, as respects the engine equipment and maintenance and its negligent operation. When defendant replied with its evidence, given by experts, showing proper mechanical construction, equipment, and maintenance of its locomotive, to which plaintiff offered no other evidence in rebuttal, such evidence was sufficient answer to the inference of negligence in construction, equipment, and maintenance. Thus a jury question was presented.

■ Such was not the effect of the evidence by defendant and the countervailing evidence by plaintiff on emission and expulsion of sparks and cinders in large and unusual quantities projected high above the engine as it proceeded along the railroad track. There it was in immediate proximity as to time and place, to the barn that was destroyed; that the wind was blowing in the direction from the engine to the road and barn; the absence of likelihood of other human agency there or thereabout at such time and the immediate burning of the barn—presented a conflict in evidence, and a question for the jury as to the negligent operation vel non of the engine at the instant time and place. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

We have examined all the evidence and find there was no error to reversal in overruling the motion for a new trial. Commonwealth Life Ins. Co. v. Katie Harmon Brandon, 232 Ala. 265, 167 So. 723.

The judgment of the circuit court is free of error in declining the affirmative instruction with hypothesis requested by defendant and in overruling the motion for a new trial. The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.