1 So.2d 297

**GRABOVE v. MUTUAL BEN. HEALTH & ACCIDENT ASS'N.**

6 Div. 822.

Supreme Court of Alabama.

March 27, 1941.

Smith, Windham, Jackson & Rives, of Birmingham, for appellee.

Rosenthal & Rosenthal, Walter S. Smith, and Walter S. Smith, Jr., all of Birmingham, for appellant.

BOULDIN, Justice.

The action was for sick benefits under a life, accident, and health policy of insurance.

The sole question here for review is the ruling of the trial court on motion for new trial, holding defendant entitled to the affirmative charge, with hypothesis.

The "Insuring Clause" of the policy insured "against loss of time, beginning while this policy is in force and resulting from disease contracted during any term of this policy * * * subject, however, to all the provisions and limitations hereinafter contained."

Under "Additional Provisions," appears the following: "This policy does not cover death, disability or other loss sustained * * * while suffering from insanity or mental infirmity."

The "Affidavit of Claimant as to Illness," of date February 7, 1938, dated illness from December 3, 1937, being confined in a hospital from December 4 to December 26, 1937, and at home thereafter.

In connection with his claim, the insured sent in sworn report of Dr. Benjamin F. Morton, his physician, disclosing that insured had been treated by him for "Schizophremia which was apparently precipitated by a prolonged acute upper respiratory infection and a recent emotional conflict;" that history given by patient was: "Patient had had a bad cold for about one month. During this certain problems had come up in connection with his job. The evening prior to examination he suddenly fainted and was taken to the hospital;" that the disease named was "acute;" that when first examined patient had no disease or weakness, other than described; that affiant attended the patient at the hospital December 4 to 26, 1937, and at home to date; that patient was totally disabled to date; "at present under treatment and chances of recovery appear fair."

The suit was brought April 11, 1938. Statutory interrogatories were filed to plaintiff. Among them Interrogatory 30: "State whether or not you have at any time had any disease of the brain?" Answer: "Don't know; see my doctor."

Interrogatory 35: "Have you suffered disability from insanity or mental infirmity since February 17, 1937?" Answer: "Yes, see my doctor."

Plaintiff, as a witness, testified to the history of his case substantially as given by physician, disclosing that he remembered nothing from time he was taken to hospital until he was removed to his home, where he continued to be treated by Dr. Morton, and was totally disabled to time of bringing suit.

Dr. Morton, a specialist in psychiatry, was corroborated by Dr. James A. Becton, a specialist in nervous and mental diseases, touching the condition of the patient while in the hospital, disclosing acute symptoms of the disease named (otherwise known as dementia praecox) such as delusions of fear, etc.

It is not to be questioned that schizophremia is a form of insanity or mental infirmity within the exclusion terms of this policy.

Appellant insists the weight of opinion evidence of expert witnesses is a question for the jury; and, although uncontradicted, will not warrant the giving of the affirmative charge, with hypothesis. That such rule is controlling on questions of sanity or insanity.

This is the general rule and we may say prevails generally in cases where mental capacity to transact business or to commit crime are involved. Robinson v. Crotwell, 175 Ala. 194, 57 So. 23; Louisville & N. R. Co. v. Jacobson, 218 Ala. 384, 118 So. 565, 568; Birmingham Ry., L. & P. Co. v. Sloan, 199 Ala. 268, 74 So. 359; Odom v. State, 174 Ala. 4, 56 So. 913; Parsons v. State, 81 Ala. 577, 2 So. 854, 60 Am.Rep. 193.

However, we have held the definite testimony of members of the medical profession, expert in their line, based upon facts within the knowledge and discernment of men of learning and experience, when not in conflict, nor opposed by other evidence, does call for the affirmative charge, with hypothesis. Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377, 153 So. 755; Aetna Life Ins. Co. v. Norfleet, 232 Ala. 599, 169 So. 225; New York Life Ins. Co. v. Horton, 235 Ala. 626, 180 So. 277; First Nat. Bank of Birmingham v. Equitable Life Assur. Soc. of The United States, 225 Ala. 586, 144 So. 451.

The same rule has been applied to other expert testimony. Alabama Power Co. v. Sides, 229 Ala. 84, 155 So. 686, and cases there cited.

We see no sound reason to deny the application of this rule to the testimony of a specialist on insanity, where a factual background of acute manifestations of such disease and continuous treatment for many months is shown.

The affirmative charge was due defendant in this case upon another well-established principle of law. Statements in the proof of loss submitted by the insured as the basis for his claim to a benefit under the policy are to be taken as prima facie true as against him, and unless avoided by competent evidence, are conclusive on the issue. Commonwealth Life Ins. Co. v. Harmon, supra; Liberty Nat. Life Ins. v. Tellis, 226 Ala. 283, 146 So. 616; Cotton States Life Ins. Co. v. Crozier, 216 Ala. 537, 113 So. 615; Metropolitan Ins. Co. v. James, 225 Ala. 561, 144 So. 33; 29 Am.Jur., p. 1116, § 1489; Note 96 A.L.R. p. 334 et seq.

Without question the "disease" disclosed by the certificate of the physician, furnished as proof of disability from disease, disclosed a disease not within the coverage of the policy. The claim for benefits dates back to the appearance of such disease. The physicians were referred to for information as to the disabling disease after suit brought. The continuing disability to time suit filed is not claimed nor shown to be due to any other disease.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.