HOLMES, Judge.
The plaintiff, as administratrix of her husband’s estate, filed suit against the defendant-insurance company. A jury returned a verdict in favor of the plaintiff and against the insurance company. The insurance company appeals.
The issue, as stated by the insurance company, is whether the trial court erred to reversal in denying the insurance company’s motion for new trial in that the verdict is contrary to the great weight and preponderance of the evidence. The defendant-insurance company’s contention for reversal is bottomed on the premise that the insured’s death resulted from a condition which existed prior to the issuance of the policy. Put another way, the insured’s death was the result of a pre-existing condition. We agree and reverse and remand.
The pertinent policy provision is as follows:
“No insurance is provided hereunder if death results from:

“(b) a disease, injury, or health condition for which you are hospitalized or received medical treatment within the thirty (30) days immediately preceding the date of indebtedness, if death occurs within the ninety (90) days immediately following such date.”
The uncontradicted evidence reveals that beginning in approximately 1972, the deceased was treated by his physician for peripheral vascular disease and stasis ulcer. In August of 1974, this treatment was being continued. On October 11, 1974, the deceased visited his physician still suffering from the medical problems as indicated above and complained of severe abdominal pain. At this time the doctor suggested that if the deceased’s condition did not improve, he should be hospitalized.
On October 31, 1974, the deceased purchased a new car and obtained credit life insurance on himself. This coverage was with defendant insurance company and the policy contained the provision as set out hereinabove.
The deceased next visited his doctor on November 22, 1974. The deceased was advised to go to the hospital immediately. The deceased did not go immediately to the hospital but was, on December 13, 1974, admitted to the hospital. At this time, he was experiencing gastrointestinal hemorrhaging. On December 14, 1974, the deceased died. The death certificate as signed by the deceased’s physician reported the cause of death as being “cerebral arteriosclerosis.”
The only evidence as to the cause of death was the testimony of the deceased’s physician. This testimony in pertinent part and in succinct language is as follows:
“Q All right, sir.
“I’ll ask you again, so we can clarify the record, in your opinion, as Mr. Burton’s physician and as the attending physician at the time of his death, was Earnest Burton’s death in December, specifically December 14, 1974, a result of a health condition for which he was treated in your office in October of ’74?
“A Yes.”
Additionally, testimony from the deceased’s physician is as follows:
“Q He was in a degenerative process or state when he saw you in October of ’74?
“A Right.
I would say that.
“Q Which, in your opinion, culminated in his death on December 14, 1974; is that correct?
“A I would say that.”
As to the cause of death as indicated on the death certificate, the doctor’s testimony is as follows:
“Q Doctor, I believe in your Certificate of Death, you said that he died of cerebral arteriosclerosis; is that correct?
*329 “A Well, that is another way of stating the advanced condition of his periphal disease at that time.”
As is indicated above, the physician’s testimony is the only evidence as to the cause of death. We would also point out that no pertinent evidence regarding the cause of death is indicated to us in brief by counsel for the plaintiff.
The physician’s testimony is clear that the insured’s cause of death resulted from a health condition that pre-existed the policy and was treated medically within thirty days of the policy, to wit, October 11, 1974.'[1] The policy is equally as clear that coverage is not afforded under the facts of this case.
The Court of Appeals, in Provident Life & Accident Insurance Co. v. Nelson, 38 Ala.App. 372, 84 So.2d 130 (1955), clearly indicated that where the testimony of a medical expert, as to the cause of death is uncontradicted, and such testimony is based on personal observation and examination, then in that event the testimony is conclusive as to the cause of death. Such is the case in this instance. See also Grabove v. Mutual Benefit Health & Accident Association, 241 Ala. 88, 1 So.2d 297 (1941); New York Life Insurance Co. v. Horton, 235 Ala. 626, 180 So. 277 (1938); Aetna Life Insurance Co. v. Norfleet, 232 Ala. 599, 169 So. 225 (1936).
In view of the above, the learned trial judge erred in refusing to grant the defendant’s motion for new trial.
The case is reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.

. It is also without dispute that death occurred within the prescribed ninety days.