163 So. 13

## WILLIAMS v. BOBO.
### 6 Div. 702.

Court of Appeals of Alabama.
June 25, 1935.

Rehearing Denied Aug. 27, 1935.

Willard Drake, of Birmingham, for appellant.

Chester Austin, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

This action was by H. H. Montgomery, as superintendent of banks, liquidating the Woodlawn Savings Bank, the suit being against Dr. A. H. Bobo, appellee, on a promissory note, which note was dated at Meridian, Miss., under date of May 3, 1929, payable three months after date, to the order of Special Formulas, Inc., in the sum of $300, signed by T. J. Smith, M. D., bearing the indorsement of Special Formulas, Inc., bearing also the indorsement of A. H. Bobo, and T. A. Haughton. The suit was also for interest and attorney's fees. Defendant filed the plea of general issue, and, in addition, a special plea of non est factum properly sworn to.

It appears from the record this case has been tried three times in the court below. The first trial resulted in a mistrial. The second trial resulted in a verdict for the defendant, which the court set aside because of having given certain erroneous charges on the trial; and the third trial also resulted in a verdict for the defendant, and judgment was rendered accordingly. Within the time allowed by law plaintiff filed a motion for a new trial which was overruled, and plaintiff took this appeal.

The action of the court in overruling and denying plaintiff's motion for a new trial is the principal question upon which the appeal is rested.

The main issue upon which the case was tried was presented by defendant's plea of non est factum. On this point the evidence was in conflict. There was some evidence, offered by the plaintiff, which tended to show that defendant's signature on the indorsement was genuine. This the defendant strenuously denied and in this connection he testified, among other things: "That is not my signature on this note.

I did not sign this note. I did not authorize any one to sign my name to that note. I have never ratified the endorsement of that signature on that note. No one had any authority to take this note and discount it with the Woodlawn Savings Bank. I never knew or heard of T. J. Smith, M. D. until I knew of the presence of this note." Witness continued at length with evidence of like import. Defendant also offered evidence of other witnesses to the same end.

The principal question being one of fact only, we are clear in the conclusion that under the existing rule in this state the action and ruling of the lower court in this connection should not be disturbed.

The power of a court to set aside a verdict is inherent and is essential to prevent irreparable injustice in every case where a verdict is wholly wrong, and is the result of inadvertance, forgetfulness, or intentional or capricious disregard of the testimony, or of that bias or prejudice, on the part of juries, which sometimes may occur. In the exercise of this power courts should be careful not to infringe the right of trial by jury, and should bear in mind and remember that it is the exclusive province of a jury to determine the credibility of witnesses to weigh the testimony and find the facts from that testimony. The power of a trial court to set aside a verdict should be exercised only when it positively and affirmatively appears that the substantial ends of justice require that a verdict should be set aside and a new trial granted. The foregoing being the principles by which a trial court should be controlled, it is to be observed that these principles apply with much greater force to the exercise of this power by an appellate court. When the trial judge refuses to grant a new trial, the correctness of the verdict is thereby strengthened.

Appellate courts do not have all the advantages that a jury has for determining a controverted fact. Necessarily a great deal depends upon the demeanor of a witness. The appearance of candor, or of evasion, of interest, or of disinterestedness, of assurance, or of uncertainty, of intelligence, or the lack thereof. All of these are matters for the consideration of a jury in determining the weight which should be accorded to oral testimony.

When there is no evidence to support the verdict, it is manifestly the duty of a trial court to grant a new trial; no court, possessed of a proper sense of justice, and of a due regard for a fair and impartial administration of the law, can or should allow such a verdict to stand. Where, however, there is evidence on both sides, or when there is some evidence to support the verdict, it should not be set aside, because the verdict does not correspond with the opinion of the court as to the weight of the testimony, or because the verdict appears to be against the mere preponderance of the evidence. It is well established in this state that the decision of a trial court refusing to grant a motion for a new trial on the ground of the insufficiency of the evidence, or that the verdict of the jury is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court it is wrong and unjust.

As stated, we have examined and considered all the evidence set out in the bill of exceptions, including the original papers sent up to this court for inspection, with care, and as above stated we cannot say that this record discloses that the evidence offered by the plaintiff was so overwhelmingly in his favor as that the trial court would have been justified in saying that the verdict of the jury was wrong and unjust. Pizitz v. Winsett, 192 Ala. 688, 68 So. 418; Salmon v. Salmon. 13 Ala. App. 510, 69 So. 304; Fulwider v. Jacob, 221 Ala. 124, 127 So. 818; Mann v. Butcher, 211 Ala. 669, 101 So. 595; Central Iron & Coal Co. v. Wright, 20 Ala. App. 82, 101 So. 815.

Other insistences of error are so clearly without merit, a detailed discussion is not indulged.

No reversible error appearing, the judgment of the lower court from which this appeal was taken will stand affirmed.

Affirmed.