Irene Johnson, Appellee, v. Hans Sandberg, Appellant.
Bernice McKibben, Appellee, v. Hans Sandberg,
Appellant.

Gen. No. 9,018.

510

Opinion filed February 10, 1936.

J. E. MALONE, JR., and BARRETT, BARRETT, COSTELLO & BARRETT, of Chicago, for appellant; CHESTER D. KERN, of Chicago, of counsel.

HAMILTON, BLACK & KLATT, of Peoria, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

This case comes to us on an appeal by Hans Sandberg from two judgments. One for $1,750, entered in favor of Irene Johnson; and one for $2,000 in favor of Mrs. Bernice McKibben. These judgments were rendered on verdicts of the jury, on the trial of the cases in the circuit court of Marshall county, Illinois. The records and proceedings in the trial involved two suits, both growing out of a collision between an automobile driven by Bernice McKibben, in which Irene Johnson was riding as a guest, and a truck operated

by the defendant. The two cases were consolidated and tried on the same evidence.

The complaint of Irene Johnson consists of two counts filed March 14, 1935. The first is a general negligence count alleging that the defendant by his servants and agents was carelessly, negligently and improperly operating and managing his automobile truck and that by the means of the carelessness, negligence and improper conduct of the defendant, the automobile in which the plaintiff was riding ran into and against and collided with the defendant's automobile truck, and thereby the plaintiff was thrown with great force and violence against said automobile in which she was riding and badly hurt, bruised and wounded. This count charges that the plaintiff was in the exercise of due and ordinary care for her own safety at the time of the collision in question.

The second count is practically the same as the first, with the exception that instead of charging the defendant with negligence, it alleges that the defendant by his servants and agents intentionally, wilfully, wantonly and in a reckless disregard for the safety for others operated and managed his said automobile truck so that because of said intentional, wilful, wanton and careless disregard for the safety of others, the automobile in which the plaintiff was riding collided with the defendant's automobile truck and thereby the plaintiff was then and there injured, etc. The answer of the defendant to count 1 of this petition was a general denial of the allegations of the same. The answer to count 2 is a general denial of any wanton and wilful conduct on the part of the defendant in the operation and management of his automobile truck.

The petition of Bernice McKibben is similar to that filed by Irene Johnson, and the answer of the defendant is practically the same. In the case filed by Bernice McKibben, the defendant, after having obtained leave

of court, filed an additional paragraph to his answer. He charges ''that at the time and place in question the plaintiff wilfully, wantonly and in. a reckless disregard for the safety of others, operated and managed the automobile she was driving so that by means of the intentional, wilful, wanton, and reckless disregard for the safety of others and such improper conduct of the plaintiff, and management of said automobile which the plaintiff was operating was thereby then and there caused to collide with the motor truck of the defendant.'' The consolidated cases were tried before a jury who found the issues in favor of the plaintiffs, and who assessed damages as before stated.

The evidence is, that the plaintiff, Mrs. McKibben was on December 10, 1934, driving in an easterly direction on a State Highway commonly known as Route 17, which is a concrete slab 18 feet wide; that the defendant's agent while attempting to back the truck into a loading chute for cattle, killed the engine, as the truck was standing at right angles across the hard road. The truck and trailer were approximately 34 feet long. The front wheels were on the south side of the slab and the back wheels were just on or partially off of the concrete on the north side of the slab. While the truck was in this position the plaintiff, Bernice McKibben, who was driving her car with Irene Johnson as a guest riding with her, drove her car into the side of the truck and both of the plaintiffs were injured. The plaintiffs testified that neither of them saw the truck until they were a short distance from it; that there were no lights, no flare, nor other warning given them; that the truck was obstructing the highway. They testified as to passing other cars parked on the side of the road and the rate of speed at which they were traveling. Other witnesses testified that they examined the truck and that there were no reflectors on either side of it.

The defendant's witnesses gave their version of how the truck was stalled on the hard road. They all agreed

to the fact that the whole road was blocked, so completely that cars had to go down in the ditch to get around the stalled truck after the accident. Some of witnesses testified they saw the car approaching, and gave their estimate of the speed at which it was being driven; that they attempted to warn the approaching car, but they could not do so and the collision occurred.

The defendant made a motion for a directed verdict at the close of the plaintiffs' case, which was overruled. This motion was renewed at the conclusion of all the evidence and the court took the same under advisement until after the verdict of the jury.

At the request of the defendant the court submitted to the jury five special interrogatories, which are as follows:

"First: Was Bernice McKibben guilty of negligence in driving her automobile at the time and place in question at such a rate of speed that she was unable to bring it to a stop after discovering the defendant's truck on the road before running into the truck?

"Second: Was Bernice McKibben guilty of negligence in failing to observe the truck of defendant on the road in time to avoid a collision with it?

"Third: Was Bernice McKibben guilty of wilful and wanton misconduct in failing to stop the car she was driving before it collided with the truck?

"Fourth: Was Irene Johnson guilty of negligence in failing to discover the truck of defendant on the road in time to warn Bernice McKibben so that the car in which they were riding might be stopped before it collided with the truck?

"Fifth: Was Irene Johnson guilty of negligence in failing to object to the manner in, and speed at which Bernice McKibben was driving the car in which they were riding, at and immediately prior to the collision in question?

"Answer each of these Special Interrogatories either 'yes' or 'no'; sign these Special Interrogatories by

your foreman and return same into open Court with your verdicts." The jury answered "no" to each of these interrogatories.

The appellant seriously insists that the verdict of the jury in each case is manifestly against the weight of the evidence, and therefore, the judgments cannot be sustained. After reading the evidence as abstracted we are convinced that the verdicts are not manifestly against the weight of the evidence. The jury had the benefit of seeing, hearing and observing the witnesses as they gave their testimony. It was their province to pass upon the credibility of the various witnesses. They have seen fit to give more credence to the witnesses of the plaintiff than the witness of the defendant.

Whether either of the plaintiffs were guilty of negligence or contributing negligence which was the proximate cause of the collision or whether the plaintiff McKibben was guilty of wilful and wanton conduct in the operation of the automobile just before and at the time of the collision, have been answered specifically by the jury who found that they were not guilty of such negligence, or wilful and wanton conduct. We think the evidence fully sustains the finding of the jury of these questions of fact.

The defendant does not complain that there was any error of the court in the admission of evidence, or that the jury was not properly instructed, but insists it is wholly a question of fact and that the verdict is not sustained by the evidence.

The defendant's last assignment of error is that the plaintiffs rely upon both counts of their complaints and the case went to the jury on both of them, and that there is no evidence to sustain the wilful and wanton counts and the general verdicts cannot stand. This court and other courts of the State have held that where the declaration charges both negligence and

wilful and wanton conduct and there is a general verdict of guilty, the verdict cannot stand, if there is no evidence to sustain the wilful and wanton count. This court has not held, nor has our attention been called to any case where there is evidence to sustain the wilful and wanton count, that a general verdict of guilty cannot stand.

In the case of *Brown v. Illinois Terminal Co.,* 319 Ill. 326, on page 331, our Supreme Court gives a clear definition of what is commonly meant by wilful and wanton conduct and they there use this language: "Courts have recognized the difficulty of accurately stating under what circumstances a defendant may be held guilty of wilful and wanton misconduct in causing an injury. Such conduct imports consciousness that an injury may probably result from the act done and a reckless disregard of the consequences. Ill-will is not a necessary element to establish the charge. Plaintiff and defendant had a legal right to pass over the highway crossing, and each was required, in doing so, to observe due regard for the legal right of the other. A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of the impending danger, to exercise ordinary care to prevent it, or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care."

Section 104 of chapter 121 of the Illinois State Bar Stats. 1935, ¶ 379, provides in part as follows: "All motor vehicles of the second division more than 20 feet long, and all trailers and semi-trailers, while being operated on the highways of this State outside the limits of cities, villages and incorporated towns, during the period from sunset to sunrise, shall display on each side of the vehicle at approximately the one-third

points of the length of the same, at a height not exceeding five feet above the surface of the road, and reflecting on five feet above the surface of the road, and reflecting on a line approximately at right angles to the center line of the vehicle, two amber tinted reflectors of a type approved by the Secretary of State.''

The evidence in this case conclusively shows that this truck was being operated in violation of this statute, as there were no reflectors on either side of it at the time of the collision in question. The truck was completely blocking a hard surfaced public road. The defendant was charged with knowledge that cars were likely to be coming in either direction at any time; that at that time of the year it was dark and this truck, in attempting to back across this hard road, should have been guarded in some manner so that the traveling public could be safely protected against such accidents. Whether the defendant was guilty of such conduct, as shows a reckless disregard for the safety of others, was a question for the jury to decide. In our opinion the evidence was sufficient to show that the driver of this truck did operate it with a reckless disregard for the safety of others.

We find no reversible error in this case and the judgment of the circuit court of Marshall county is hereby affirmed.

*Affirmed.*