Richard S. Cash, Administrator of Estate of Lena Vern Dyer, Deceased, Appellant, v. The New York Central Railroad Company, Appellee.

Gen. No. 9,080.

Opinion filed January 17, 1938.

Rehearing denied April 5, 1938.

MERRILL F. WEHNHOFF, of Decatur, and STEELY, STEELY, GRAHAM & DYSERT, of Danville, for appellant; W. V. DYSERT, of counsel.

GUNN, PENWELL & LINDLEY, of Danville, for appellee.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

The appellant filed a complaint in the circuit court of Vermilion county in the first count of which he alleged in substance: that the plaintiff's intestate, on the night of September 7, 1935, was injured and killed when the automobile in which she was riding as a guest, west on U. S. highway No. 36, about a mile south and a mile west of Chrisman, Illinois, ran head-on into the east side and about midway of a freight train standing north and south over this highway crossing at grade; that the crossing was extra-hazardous and dangerous in the nighttime, because from a point 500 feet east to a point 200 feet east of the crossing there was an elevation in the highway which threw the rays of the automobile head lights above a freight train stand-

ing on the crossing out in the country, and then when within 200 feet of said crossing the highway inclined downward so that it would shoot the rays of the headlights of an automobile below and under the box cars on said crossing. The count further alleged that the crossing had remained in this condition for a period of more than three years prior to the date of the accident, was well known by the appellee or by the exercise of due care and diligence it could and would have known of the same; that during said period several similar accidents had occurred at this same crossing; that no sufficient signal or warning device was maintained or used at said crossing to give timely warning to travelers that such an extra-hazardous crossing existed there in the nighttime, when freight trains were standing or moving over said crossing; that it was the duty of the appellee to maintain a watchman or provide some mechanical warning at such crossing; that because of the failure of the appellee to perform such duty the plaintiff's intestate was injured and died.

The third count charged a violation of the statute that no railroad shall obstruct a public highway except for certain purposes therein set forth, and because of the stopping of the train in violation of said statute the automobile in which plaintiff's intestate was riding ran into the side of the train and she was killed.

The fourth count is a wilful and wanton count and alleged a violation of the statute requiring all railroads to construct and maintain their crossings and approaches thereto so that at all times they shall be safe as to persons and property. It then alleged that this crossing was unsafe and was not on the level with the surface of the highway for a distance of 500 feet east thereof, and that because the tracks were below the surface of the highway for a distance of 200 feet east, the headlights of automobiles would shoot below the body of the box cars during that distance and prevent

persons approaching the same from discovering said extra-dangerous condition in time to stop.

Count five is a wilful and wanton count and charged that the appellee failed to stop its train north or south of said highway crossing and in the event this could not be done that it failed to cut the train in order to open the crossing or to place some one on either side of the train with a lighted lantern in order to give timely warning.

The appellee, New York Central R. Co., moved to dismiss the complaint, and for grounds of said motion urged primarily that counts 1, 3, 4 and 5 were wholly insufficient in law and failed to state a cause of action, either for ordinary negligence or for wilful and wanton conduct.

The court granted the motion of the appellee and dismissed all four of said counts. Count 2 was dismissed by the appellant in order to prosecute this appeal from the order of dismissal by the court.

The question therefore on this appeal is whether or not the complaint sets forth facts in any of the counts sufficient to constitute a cause of action.

The theory of the appellant's case was based entirely upon the facts set forth in the first count of the complaint, which, briefly stated, are that the crossing upon which the appellee stopped its freight train in the nighttime on the night in question was extra-hazardous because of the fact that beginning 500 feet east of the crossing there was a rise in the pavement up to a point 200 feet east of the crossing, during which time the standing freight train would be hidden from the view of a driver of an automobile and the rays of light would shoot over and above the standing freight train until the automobile was within 200 feet of the crossing, and from that point there was a decline in the paved highway so that the automobile lights would shoot below the box cars on the crossing. By reason of these facts appellant contends that a driver of an auto-

mobile, exercising due care, would be deceived and would not see a standing obstruction at said crossing in sufficient time to prevent his colliding with the same.

It is well established that in order to sustain a verdict for damages for personal injury it is incumbent upon the plaintiff to allege and prove the existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains, and the failure of the defendant to perform that duty, which failure resulted in the injury. *Overstreet v. Illinois Power & Light Corp.*, 356 Ill. 378.

There is no contention on the part of the appellant that the appellee was not rightfully occupying the crossing at the time of the accident, nor any allegation of an absence of the usual crossing signs sufficient to give warning of the presence of the crossing itself, but his complaint is based upon the theory that the railroad company must not only comply with the regulations required by statute but must also provide special warning such as a watchman or warning through some mechanical device. In a very recent case, *Coleman v. Chicago, B. & Q. R. Co.*, 287 Ill. App. 483, the court had occasion to cite and discuss a large number of authorities concerning the duties of a railway company lawfully occupying for a reasonable time a crossing of its tracks with a public highway and whether or not in the exercise of due care it was necessary to give special notice or warning to the traveling public of the presence of its train upon the crossing, and as a conclusion after presenting many authorities from many jurisdictions, it said, "the very presence of the train is adequate notice and warning to any traveler, who is in the exercise of ordinary care for his own safety, that the crossing is occupied; that no additional signs, signals or warnings are required to be given by the railroad company, and that no negligence can be imputed to it for its failure so to do."

A reading of that opinion presents a list of those cases which it is not necessary to repeat and shows the thoroughness of the investigation of that case made by the court. While the complaint in that case contained no allegation of extraordinarily hazardous or dangerous conditions complained of in this case, still the principles of law are applicable as to the duties of a railroad company where its freight train is standing upon a highway crossing.

The case of *Johnson v. Sandberg,* 283 Ill. App. 509, upon which appellant relies an entirely different situation was presented. In that case the defendant's truck and trailer, in violation of a statute, were not equipped with reflectors and which, as a result of defendant's killed engine, were standing at right angles across and were completely blocking a State highway. The defendant's truck and trailer were not in a position where they had a lawful right to be and the duty of the driver was entirely different from that of a railroad company under the circumstances shown by the facts in this case.

We do not believe that any of the authorities cited by the appellant uphold the contention of counsel that it was the duty of the railroad company as charged in the complaint to give notice of the fact that its train was blocking the crossing at the time in question and that a failure to give such notice was the proximate cause of the collision and the consequent injury and death of plaintiff's intestate. It is apparent that at some spot in the neighborhood of 200 feet east of the crossing the lights of an approaching automobile would have disclosed the presence of a standing freight train upon the crossing. We believe that the great weight of authorities supports the views herein expressed and that the motion to dismiss counts 1, 3, 4 and 5 of the complaint in this case were properly sustained by the trial court and its judgment is therefore affirmed.

*Affirmed.*