187 So. 497

**BARBER et al. v. UPTON.**

**7 Div. 554.**

Supreme Court of Alabama.

March 16, 1939.

J. M. Hargraves, of Chattanooga, Tenn., for appellants.

J. A. Johnson and C. A. Wolfes, both of Fort Payne, for appellee.

GARDNER, Justice.

Plaintiff sued defendant for the death of his mule, which he insists was produced when struck by a truck owned by defendant, W. M. Barber, and driven at the time by his son, who was also his agent.

The evidence is in sharp conflict in two particulars. First, plaintiff's proof tends to show the truck that struck the mule belonged to defendant W. M. Barber, and was being driven by his son and agent. This is emphatically denied, and proof offered by defendants that another and different truck entirely collided with the

mule. And in the second place, the evidence is in sharp conflict as to the cause of the death of the mule. The mule died about two months after the accident, and plaintiff's evidence tends to show the blow of this collision was the cause. That for defendant tends to show the mule's death could not have been produced by the blow, but that it died from age and chronic indigestion.

Defendants' motion for new trial was overruled, and this presents the question here argued for appellants.

A discussion of the evidence here would serve no useful purpose. Suffice it to say it has been read with care. It may be conceded the preponderance of the proof is favorable to defendants' theory of the case, certainly so far as the number of witnesses is concerned, but that fact alone does not justify an interference by this Court with the ruling of the trial court denying a motion for new trial. To use a common expression, "witnesses are weighed not numbered." Timmerman v. Martin, 234 Ala. 622, 176 So. 198, 200. The trial judge saw and heard the witnesses testify, and could note their demeanor on the stand. His decision in denying the motion is not to be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

Upon careful consideration, we are not persuaded this is a case calling for disturbance of the court's action in this regard, and it results, therefore, the judgment is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.