194 So. 861

### HOSEY v. MEADOWS.

6 Div. 468.

Court of Appeals of Alabama.
March 19, 1940.

246

Smith, Windham, Jackson & Rives, of Birmingham, for appellant.

J. A. Lipscomb, of Bessemer, for appellee.

BRICKEN, Presiding Judge.

D. A. Hosey, doing business under the name of Hosey Distributing Company, was, on or about June 15, 1937, engaged in the business of selling at wholesale, malt liquors, viz.: beer and ale, in Jefferson County, Alabama, and on that day employed appellee, Gilbert Meadows, to act as salesman for said Hosey Distributing Company in that part of said county known as the "Bessemer Cut-off," as was evidenced by a written contract, signed by each of said parties on said day; and, which provided, among other things, that for faithful services to be rendered by said Meadows to said Company, from June 14, 1937, to June 14, 1938, said Company would pay to him the sum of $165.00 per month, payable at the end of each month, and in addition thereto, said Company would furnish to said Meadows a truck for distribution purposes, and one helper, or driver, to assist in the distribution of said beer and ale.

On August 2, 1938, said Gilbert Meadows brought his suit in the circuit court of Jefferson County, (Bessemer Division), against said D. A. Hosey, doing business

under the name of Hosey Distributing Company, claiming the sum of $516.50, alleged to be due him by said Hosey under the above mentioned contract. Said Meadows alleged in his complaint, that he had performed all parts of the contract in full, according to the terms and provisions thereof, and that said Hosey Distributing Company had breached said contract in that said Company failed to pay him the entire amount thereunder.

To the complaint, as amended, the defendant filed its plea of the general issue in short by consent, with leave to give in evidence any matter, which if well pleaded, would be admissible in defense of the action, and to have effect as if so pleaded, including a plea of counterclaim in the sum of $82.16, and with like leave to plaintiff by way of replication, etc.

Upon the trial of the case in the court below, there was a jury and verdict in favor of the plaintiff for the sum of $350, under which verdict the trial court pronounced and caused to be entered a judgment in favor of plaintiff for said sum of $350 and the costs of the suit.

The defendant filed a motion for a new trial alleging, among other grounds, that the verdict of the jury was contrary to the evidence and was not supported by the great weight of the evidence; that said verdict was based upon conclusions other than the evidence and was the result of passion, prejudice or bias of the jury. The trial court overruled and denied the motion for a new trial, and the defendant duly and legally excepted, and by this appeal presents for consideration certain alleged errors, which it is claimed, were committed by the trial court.

It appears, upon the trial of this case, the question most seriously contended by both parties, was whether or not the contract upon which this suit was founded, was so modified, changed or altered by mutual consent of the parties, before the same was fully executed, as to reduce plaintiff's salary thereunder from $165 per month to $30 per week. Defendant claimed that said contract was altered, changed or modified to this effect by oral agreement between the parties, with full, free and voluntary consent of the plaintiff, on or about December 15, 1937, or shortly prior thereto.

The plaintiff emphatically and unequivocally denied any modification or change in the contract, and also denied that he consented to any modification, alteration or change thereof.

■ There are three assignments of error. Assignment 1. presents for our consideration the judgment of the court overruling and denying defendant's motion for a new trial, while assignments 2 and 3, allege the trial court erred in refusing to give special written charges numbered 10 and A–1, respectively.

"10. The Court charges you as a part of the law of this case that while a contract is still executory the parties thereto are at liberty to modify it at pleasure."

"A–1. If you are reasonably satisfied from all the evidence in this case that on or about November 1, 1937, when the plaintiff ceased working for the defendant as a salesman and began operating a truck in connection with the sale and distribution of the defendant's beer, the plaintiff made no request of the defendant to supply him with a helper or driver on said truck, and has never from that time until the time of the expiration of the contract made such a request of the defendant, but on the contrary has without such a request employed such a driver or helper at his own cost and expense without requesting of the defendant that he be reimbursed therefor, then the Court charges you that in these circumstances the plaintiff would not be entitled to recover of the defendant for and on account of any monies which might have been paid by the plaintiff in connection with hiring a helper or driver."

It is the opinion and judgment of this court that the court did not err in refusing to give charge 10, for the reason in the general oral charge of the court the court said: "The court charges you that it is the law that even though parties enter into a written agreement, that contract may, at any time, during the performance of that contract and before the termination of it, be altered, varied or terminated." In addition to the oral charge which fairly and substantially covers the defendant's refused charge 10, the court gave at the request of the defendant special written charges 9, 11 and 12, which fully covers the principle announced in said charge 10. Aplin v. Dean, 231 Ala. 320, 164 So. 737.

■ We also are of the opinion there was no error in refusing to defendant charge A–1. This charge is not only argumentative, but asserts in substance that under the contract, the defendant was under no

legal obligation to furnish a helper, or driver, unless the salesman requested him specifically to do so. The contract, in plain language, provides that the Hosey Distributing Company would furnish a truck and a helper, or driver to Gilbert Meadows, the salesman. It is too clear for argument or controversy, that if said company failed to furnish said helper or driver, then said salesman had the legal right and authority to secure such helper or driver, upon his own initiative and hold said company liable for the reasonable cost or expense of said employment.

As stated, under assignment of error 1. appellant complains of the action of the trial court in overruling and denying defendant's motion for a new trial, and strenuously urges this court to reverse the judgment of the lower court because that court did not set aside the verdict of the jury and grant a new trial.

The burden of proof was upon the defendant to reasonably satisfy the jury, by the evidence, that the contract, upon which the suit was founded, was at some time during the performance of the contract and before the termination thereof, altered, changed or modified, with the consent of both parties thereto, as was claimed by the defendant. The defendant, his bookkeeper, and McLendon, his route foreman, testified to the alteration, change, or modification of the contract, as claimed by defendant, and that such change or modification was ratified and approved by the plaintiff. The plaintiff, testifying in his own behalf, denied that he had ever consented to any change, alteration or modification in the terms of the contract and his testimony in this respect was in sharp conflict with the testimony of the defendant and his employees covering the same subject matter.

The issue between plaintiff and defendant was for the jury to determine by its verdict. Appellate courts do not have all the advantages that a jury has for determining a controverted fact. Much depends upon the demeanor of a witness and also upon the appearance of candor or evasion; the existence of interest and bias; whether the witness appears to be intelligent or ignorant; all of these are matters for the consideration of a jury in determining the weight which should be accorded to oral testimony. It has many times been decided by this court, and by the Supreme Court, that it is the exclusive province of a jury to determine the credibility of witnesses, to weigh the testimony and find the facts from that testimony. This court is committed to the principle that the verdict of the jury should not be set aside when there is evidence on both sides, or where there is some evidence to support the verdict, though that verdict may not correspond with the opinion of the court, as to the weight of the testimony, or because the verdict appears to be against the mere preponderance of the evidence.

The jury, upon the trial of this case returned a verdict in favor of plaintiff. The trial court, whose general oral charge to the jury, it must be conceded, was favorable to the defendant, refused to disturb that verdict in response to defendant's motion for a new trial. Under the principles announced it is the opinion and judgment of this court, that the trial court did not err in overruling and denying the defendant's said motion for a new trial. Cobb v. Malone &. Collins, 92 Ala. 630, 9 So. 738; American Life Insurance Co. v. Williams, 234 Ala. 469, 175 So. 554, 112 A.L.R. 1215; Barber et al. v. Upton, 237 Ala. 415, 187 So. 497; Norris v. Neely, 28 Ala.App. 171, 180 So. 124; McEntyre et al. v. First National Bank of Headland, 27 Ala.App. 311, 171 So. 913; Joyner v. McMurphy, 26 Ala.App. 549, 163 So. 533; Williams v. Bobo, 26 Ala. App. 516, 163 So. 13.

The judgment appealed from is affirmed.

Affirmed.