130 So.2d 8

Howard J. COOPER, Adm'r,

v.

PROVIDENCE HOSPITAL.

1 Div. 870.

Supreme Court of Alabama.

March 2, 1961.

Rehearing Denied May 25, 1961.

Winston F. Groom, Mobile, for appellant.

Paul W. Brock, Hand, Arendall, Bedsole, Greaves & Johnston and Vincent F. Kilborn, Mobile, for appellee.

SIMPSON, Justice.

Plaintiff Cooper, as administrator of the estate of Calton S. Cooper, deceased, filed suit under the Homicide Act for the wrongful death of his intestate, caused by the alleged negligence of appellee in not exercising reasonable care, skill, and diligence in the care and treatment of the deceased while a patient for hire in appellee hospital, "and as a proximate consequence of said negligence of said defendant, said Calton S. Cooper was permitted to get up from his bed during the night unattended, and fell to the floor and suffered" various catalogued injuries "and as a proximate consequence thereof the said Calton S. Cooper died. * * *"

The burden, of course, was on the plaintiff to introduce evidence to prove each of the allegations of the complaint, and failing, the defendant would have been entitled to the affirmative charge without hypothesis. Stevens v. Deaton Truck Line, 256 Ala. 229, 54 So.2d 464.

The plaintiff introduced several lay witnesses and three expert witnesses and rested his case. The defendant then also rested and moved for a directed verdict and requested the affirmative charge without hypothesis. The trial court granted the motion, as well as the requested charge. Judgment was rendered accordingly and the plaintiff has brought this appeal.

The appellant argues that there was at least a scintilla of evidence to support the allegations of the complaint, even though the testimony of the experts showed without dispute that the plaintiff's intestate died of natural causes, and that therefore the case should have gone to the jury under the rule that the weight and value of opinion evidence is a question for the jury, citing: Beatty v. Palmer, 196 Ala. 67, 71 So. 422; Ross Neely Motor Exp. v. Robin-

son, 35 Ala.App. 431, 48 So.2d 252, certiorari denied 254 Ala. 293, 48 So.2d 254; Hosey v. Meadows, 29 Ala.App. 244, 194 So. 861. See also Pollard v. Treadwell, 234 Ala. 615(3), 176 So. 452; Provident Life & Accident Ins. Co. of Chattanooga, Tenn. v. Downey, 242 Ala. 482, 7 So.2d 17; Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377, 153 So. 755.

These authorities, however, do not govern this case. The principle here controlling is well stated in Dorough v. Alabama Power Co., 200 Ala. 605, 607, 76 So. 963, 965:

"But where a party's own witnesses established his adversary's case or defense, without material conflict or dispute, there can be no issue upon the credibility of the evidence, and hence the affirmative charge might properly be given without such hypothesis."

To like effect is our recent case of White v. State ex rel. Fowler, 262 Ala. 694(4), 81 So.2d 267, and authorities there cited.

▮ The measure of duty owed by the defendant to the plaintiff's intestate was that degree of care, skill, and diligence used by the hospitals generally in the community and by the express or implied contract of the undertaking. Birmingham Baptist Hospital v. Branton, 218 Ala. 464, 118 So. 741; South Highlands Infirmary, Inc. v. Galloway, 233 Ala. 276, 171 So. 250. (We may interpolate there was no evidence of an express or implied contract with appellee for a higher degree of care to be accorded him than that provided a patient who receives the normal admission.)

▮ With respect to the motion to exclude the evidence of the plaintiff, the trial court will never be put in error for refusing such motion, nor will it be placed in error for granting the motion if the evidence does not make out a prima facie case for the plaintiff. Riley v. Riley, 257 Ala. 636, 60 So.2d 432. So, as observed in Stevens v. Deaton Truck Line, supra, we may lay aside consideration of the right of the defendant, vel non, for a directed verdict and proceed to a determination of whether the trial court ruled correctly in giving for defendant the affirmative charge without hypothesis.

▮ We are left under no doubt that the ruling of the trial court was proper. The defendant introduced no evidence and the uncontradicted evidence of the plaintiff was that the defendant did exercise that degree of care, skill, and diligence used by hospitals generally in the Mobile area. This being so, he was bound by his own witness who testified to this effect. As observed in White v. State ex rel. Fowler, 262 Ala. at page 698, 81 So.2d at page 271:

" * * * where the testimony of one's own witnesses, without conflict, makes out the case of the opposing side, the court may direct the verdict by affirmative instruction without hypothesis on request in writing. In such case there is nothing to argue. The party may not assail the credibility of his own witnesses in argument."

Therefore, without the essential element of proof as to breach of duty by the defendant, the appellant has failed to make out a prima facie case of negligence as alleged in the complaint, and was not entitled to have the evidence submitted to the jury.

Since the foregoing construction suffices to rescue the case from the alleged error, we pretermit consideration of the matter of causation and proximate result as argued by able counsel.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.