130 So.2d 32

Lena Birchfield COE

v.

**LOUISVILLE AND NASHVILLE RAILROAD COMPANY et al.**

6 Div. 588.

Supreme Court of Alabama.

May 11, 1961.

116

J. Terry Huffstutler, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, White E. Gibson, Jr., and Roy W. Scholl, Jr., Birmingham, for appellees.

LAWSON, Justice.

This is an action under the homicide statute (§ 123, Title 7, Code 1940) by Lena Birchfield Coe against Louisville and Nashville Railroad Company, a corporation, Elijah Oaks and Charles E. Wallace.

The death of plaintiff's intestate occurred at about 2:45 a. m. on the 6th day of March, 1956, when he drove his automobile into the side of a freight car, a part of a freight train, while the train was slowly moving over a crossing at Dartmouth Avenue in the City of Bessemer.

The defendant Oaks was the engineer on the train and the defendant Wallace was the conductor.

The case went to a jury on plaintiff's amended complaint, which contained two counts, and the defendants' plea of the general issue in short by consent in the usual form. Both counts charged the defendants with negligence in obstructing Dartmouth Avenue with a train.

There was a jury verdict for the defendants. Judgment followed the verdict. Plaintiff's motion for a new trial was overruled. She has appealed to this court.

The first assignment of error is that the trial court erred in overruling the plaintiff's motion for a new trial. The other assignments of error are to the effect that the court erred in giving certain charges at the request of the defendants.

After a careful study of the record we are convinced that the defendants were entitled to the general affirmative charge. This view, of course, answers the plaintiff's argument in brief that the trial court erred in overruling the grounds of the motion for new trial which took the point that the verdict was not sustained by the evidence and was contrary to the great weight of the evidence. This view makes it unnecessary to consider the assignments of error which assert error in the giving of charges requested by the defendants, for the rule is that where the general affirmative charge should have been given the defendant, error in giving any other charge to the jury is error without injury. Birmingham Ice & Cold Storage Co. v. Alley, 247 Ala. 503, 25 So.2d 37; Dudley v. Alabama Utilities Service Co., 225 Ala. 531, 144 So. 5; Lambert v. Southern R. Co., 214 Ala. 438, 108 So. 255; Hambaugh v. McGraw, 212 Ala. 550, 103 So. 646.

This court, in line with the great weight of authority, has declared the rule that, in the absence of statute, or special conditions of hazard to motorists, there is no duty on the railway company to provide special warning or safeguards to motorists, either in the day or night time, to prevent collisions with cars standing on or moving across a grade crossing. The negligence of the driver of the automobile will be treated as the sole proximate cause of an injury resulting from running into a railroad car at a crossing, unless something intervenes calling for special precautions on the part of railway employees; some condition of hazard that may lead to a collision, notwithstanding ordinary care on the part of the driver of the automobile. Southern Ry. Co. v. Lam-

bert, 230 Ala. 162, 160 So. 262; Watson v. Birmingham Southern R. Co., 259 Ala. 364, 66 So.2d 903; St. Louis-San Francisco Ry. Co. v. Guthrie, 216 Ala. 613, 114 So. 215, 56 A.L.R. 1110.

The theory of the plaintiff's case is based on the contention that the crossing where the collision occurred was extra-hazardous.

In brief plaintiff has summarized the evidence which we understand her to say shows the extra-hazardous nature of the crossing. We quote:

"In approaching the railroad crossing from west to east [plaintiff's intestate was traveling east], that is in the general direction of from Bessemer to Birmingham, due to the contour of Dartmouth Avenue at that point a person operating a vehicle from west to east at night equipped with standard lighting would not discover the presence of a train on the crossing at a distance of 400 feet from the said crossing, nor would he discover the presence of a railroad cross-arm sign 15 to 20 feet south of Dartmouth Avenue at that point nor would he discover the presence of a small railroad crossing highway sign on the south side of Dartmouth Avenue. * * *"

■ In regard to the inability to see a train on the track at a point four hundred feet west of the crossing, one witness did give testimony to that effect. However, for aught appearing in this record, a train could have been seen on the track from any point less than four hundred feet west of the crossing. The burden was on the plaintiff to show that the crossing was extra-hazardous and we cannot say she met that burden by simply showing the inability to see the train when four hundred feet away. Cash v. New York Central R. Co., 294 Ill.App. 389, 13 N.E.2d 1012.

There were two cross-arm signs at the crossing. There was evidence to the effect that these signs were not visible to vehicles approaching the crossing from the west because of trees which hid them from view. This was the situation at a point four hundred feet west of the crossing and perhaps even closer, according to the evidence.

But plaintiff's intestate lived within three or four blocks of the crossing. It is without dispute that he was thoroughly familiar with the crossing.

Hence the inability of plaintiff's intestate to see the cross-arm signs at the time of the accident because of the trees does not add to plaintiff's case.

■ The object of such signals is to impart notice to the traveler of the location of the railroad track. But when one is shown to already possess that notice, the failure to properly display the signs will not give rise to a cause of action or support a charge of negligence based on such omission, for the manifest reason that the one for whose benefit the sign was required already possessed the knowledge that the sign was intended to impart. Cincinnati, N. O. & T. P. Ry. Co. v. Wallace's Adm'r, 267 Ky. 661, 103 S.W.2d 91. Those signs were designed to show the location of the train track, not to inform a traveler of the approach of a train. As shown above, plaintiff's intestate was thoroughly familiar with the crossing.

We are of the opinion that the plaintiff completely failed to meet the burden which was upon her to show a duty on the part of the defendants to give notice of the fact that the train was blocking the crossing at the time in question and that a failure to give such notice was the proximate cause of the collision and the consequent injury and death of plaintiff's intestate.

In the case of Callaway v. Adams, 252 Ala. 136, 40 So.2d 73, there was a signal

light hidden from view by overhanging tree limbs. Lights on motor vehicles traveling in the direction of the crossing were focused only on the roadway until in immediate vicinity of the crossing, at which point the highway made an abrupt upgrade and the lights then became focused on a view of the crossing. The plaintiff was a stranger to the situation.

In the instant case there was no signal light involved. For aught appearing in this record, lights on motor vehicles traveling toward the crossing from the west were focused on the crossing immediately after passing a point four hundred feet west of the crossing. The plaintiff's intestate was not a stranger to the situation.

The plaintiff introduced an ordinance of the City of Bessemer, which in part reads: "It shall be unlawful for any person to block any of the streets or sidewalks of the City for a longer period of time than 5 minutes by the placing of any engine or car thereon."

At the time of the collision there had been no violation of the ordinance. The train had been moving across Dartmouth Avenue for only three minutes at the time of the collision.

Certainly this record shows no violation of an ordinance of the City of Bessemer which proximately contributed to the death of plaintiff's intestate. Mahone v. Birmingham Electric Co., 261 Ala. 132, 73 So.2d 378.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.