141 So.2d 170

Isaac J. LAMBETH

v.

GULF, MOBILE AND OHIO RAILROAD COMPANY.

1 Div. 3.

Supreme Court of Alabama.

May 10, 1962.

Leon G. Duke and Seale, Marsal, Seale & Duke, Mobile, for appellant.

Lyons, Pipes & Cook, Mobile, for appellee.

SIMPSON, Justice.

Action by appellant for damages to person and property when he drove his automobile into a flatcar of appellee as its train of cars was proceeding slowly on its track across a public crossing in Mobile, Alabama.

After the appellant introduced his evidence seeking to prove negligence of the appellee, he rested his case, and the appellee, without introducing any evidence, moved the court to exclude the evidence. The court thereupon granted the motion and directed a verdict for the defendant. Judgment was rendered accordingly and the plaintiff brings this appeal.

■ While the practice of granting a motion to exclude the evidence in a civil action has been criticized (Carter v. City of Gadsden, 264 Ala. 544, 88 So.2d 689; Dorough v. Alabama Great Southern Railroad, 221 Ala. 305, 128 So. 602), nevertheless, the granting of such motion is not error to reverse where either (1) plaintiff's evidence fails to make out a prima facie case (Cooper v. Providence Hospital, 272 Ala. 283[3], 130 So.2d 8); or (2) the evidence shows without dispute that the plaintiff was guilty of contributory negligence as a matter of law which proximately caused or contributed to his damages. Dorough, supra.

■ Pretermitting discussion of the negligence, vel non, of the defendant, we address ourselves to the question of whether or not the plaintiff was guilty of contributory negligence which proximately caused his damages. We hold that he was and this is dispositive of the case.

The evidence showed that the accident occurred about 10:00 P.M. on a clear night when the appellant had a clear view of the crossing several hundred yards before reaching it; there was no fog or smoke or anything to obstruct his vision; although he was not a regular traveler on that road, he traveled it about twice a year, had been over it four or five months previously, and knew that the track was there. There was a gradual curve in the road but there was a straight stretch of road for a considerable distance before reaching the crossing. Some considerable distance from the crossing there was a circular warning sign, plainly visible, bearing the letters "R/R". In addition to this sign, also visible for a considerable distance from the track, there were two "crossbuck" signs and an Alabama "Stop" sign. Appellant testified he knew these signs were warnings of a railroad crossing, but claimed he did not notice them, but instead was traveling about 40 to 45 miles per hour and did not reduce his speed until within about 38 feet of the train, when he first saw it on the track blocking the crossing, which was too late to avert the crash; he knew he should not override his lights, meaning "drive so fast that you can't see an object in time to stop", which he was doing; he was traveling at such a rate of speed that when he saw the train on the crossing he could not then stop his automobile to avoid the collision.

■ The general rule, and governing here to sustain the ruling of the trial court, is that where a motorist fails to "Stop, Look & Listen" before crossing a railroad track, and he thereby runs into or collides with a train on its track at a public crossing, he is guilty of contributory negligence as a matter of law and his negligence will be treated as the sole proximate cause of his injuries. Coe v. Louisville & N. R. Co., 272 Ala. 115, 130 So.2d 32; Watson v. Birmingham Southern R. Co., 259 Ala. 364, 66 So.2d 903; Johnston v. Southern Ry. Co., 236 Ala. 184, 181 So. 253; Southern Ry. Co. v. Lambert, 230 Ala. 162, 160 So. 262; St. Louis-San Francisco Ry. Co. v. Guthrie, 216 Ala. 613, 114 So. 215, 217, 56 A.L.R. 1110; Louisville & N. R. Co. v. Outlaw, 36 Ala.App. 278, 60 So.2d 367, cert. den. 257 Ala. 585, 60 So.2d 377.

The controlling principle of law, many times reaffirmed by this court, is well stated in Southern Railway Co. v. Lambert, 230 Ala. 162, 160 So. 262, as follows:

"This court, in line with the great weight of authority, has declared the rule that, in the absence of statute, or special conditions of hazard to motorists, there is no duty on the railway company to provide special warning or safeguards to motorists, either in the day or nighttime, to prevent collisions with cars standing on such crossing. The law requires motorcars to be equipped with adequate headlights, and that they be not run at such speed that an obstruction, such as a freight car, cannot be discovered in time to come to a stop. Others are not required to take precautions against one's negligence.

'Otherwise stated, one may assume that another will take ordinary care.

"So it is widely held that the negligence of the driver of the motorcar will be treated as the sole proximate cause of injury resulting from running into a standing railway car at a crossing, unless something intervenes calling for special precautions on the part of the railway employees; some condition of hazard that may lead to a collision, notwithstanding ordinary care on the part of the driver of the motorcar."

Coe v. Louisville & Nashville R. Co., 272 Ala. 115, 130 So.2d 32; Watson v. Birmingham Southern R. Co., 259 Ala. 364, 66 So.2d 903.

Appellant argues that the rule of Callaway v. Adams, 252 Ala. 136, 40 So.2d 73, controls the instant situation. That case, however, is without influence here. There, because of the peculiar environment surrounding the railroad crossing, special conditions of hazard such as the topography and grade and course of the highway and overhanging tree limbs obstructing the signal light, the presence of the train could not, by the exercise of reasonable care, be discovered until immediately upon it, thus disclosing an environment producing such special circumstances or conditions of hazard as made it a jury question as to whether or not the railroad company was guilty of negligence, and whether or not plaintiff—a stranger to the situation—was guilty of contributory negligence. Here, however, no conditions of hazard and no peculiar environment confronted the plaintiff. Clearly then, the Callaway v. Adams case, supra, is inapplicable.

Nor is Title 48, § 170, Code of 1940, regarding giving the bell and whistle signals, applicable if the train has entirely occupied the crossing. Louisville & N. R. Co. v. Outlaw, 36 Ala.App. 278(7), 60 So.2d 367; cert. den. 257 Ala. 585, 60 So.2d 377; St. Louis-San Francisco Railway Co. v.

Guthrie, 216 Ala. 613(6), 114 So. 215, 56 A.L.R. 1110.

While the genius of our trial practice forbids the taking of the case from the jury where there is a scintilla of evidence against the controverted point, we are bound to hold, after a careful consideration of the entire case, that there was no error in giving the directed verdict for the defendant. Clearly, under the controlling authorities, supra, the plaintiff was guilty of contributory negligence, barring his recovery.

Affirmed.

GOODWYN, MERRILL and COLEMAN, JJ., concur.